**Gerald MISTICH, Petitioner**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 13, 2004.

Decided Dec. 7, 2004.

---

Harry J. Cancelmi, Jr., Waynesburg, for petitioner.

Arthur R. Thomas, Harrisburg, for respondent.

BEFORE: PELLEGRINI, J., LEAVITT, J., and McCLOSKEY, Senior Judge.

OPINION BY Judge LEAVITT.

On March 29, 2004, the Pennsylvania Supreme Court vacated an order of this Court dated May 16, 2003, in which we sustained the preliminary objection of the Pennsylvania Board of Probation and Parole (Board) to the petition for review of Gerald Mistich (Petitioner). Petitioner sought to have this Court issue a writ of mandamus ordering the Board to give him credit for time he spent in state prison from March 12, 2001, through July 23, 2001, on a 23–1/2 month sentence for driving under the influence (DUI) towards a 14–year sentence for burglary and theft. We dismissed the petition, holding that it failed to state a cause of action because the relief requested would violate Section 21.1 of the statute commonly known as the

Parole Act[1], 61 P.S. § 331.21a, and the Sentencing Code, 42 Pa.C.S. 9760. Both statutes require that service of a new sentence precede service on the original sentence. The sentencing court was precluded from ordering Petitioner's unrelated sentences to be served concurrently under Pennsylvania law.[2] *Bailey v. Board of Probation and Parole,* 140 Pa.Cmwlth. 108, 591 A.2d 778, 781 (1991).

Also before this Court for disposition is a Suggestion of Mootness and a Motion to Suppress the Brief of Petitioner filed by the Board. The Board asserts that this matter is moot because Petitioner seeks credit on a sentence that was completed on September 25, 2004, and the issues raised in his petition can no longer be redressed by a favorable judicial decision. *Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (case becomes moot when alleged injury to parolee can no longer be redressed by favorable judicial decision). Petitioner maintains that his petition for review is not moot. Alternatively, even if moot, his claim must be decided by this Court because it involves a question of great public importance, the Board's conduct is capable of repetition, while avoiding review, and "[Petitioner] and the bench and bar will suffer a detriment by the (sic) avoiding a determination." Petitioner's Brief at 4. The detriment is, apparently, that the Board will "[refuse] to accept . . . that the lawful vacation of a sentence by a court in a postconviction relief proceeding requires the Board to revisit an offender's credit for time spent in official detention prior to the current, valid sentencing order

without evoking the talismanic utterances of 'penal checking accounts' and 'rewriting history.'" *Id.*

We consider, first, whether this appeal is moot. Generally, a case will be dismissed as moot if there exists no actual case or controversy. *Fraternal Order of Police v. City of Philadelphia,* 789 A.2d 858 (Pa.Cmwlth.2002). The existence of a case or controversy requires

(1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution.

*Dow Chemical Company v. United States Environmental Protection Agency,* 605 F.2d 673, 678 (3rd Cir.1979). A controversy must continue through all stages of judicial proceedings, trial and appellate, and the parties must continue to have a "personal stake in the outcome" of the lawsuit. *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477–478, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) (quotation omitted). Courts will not enter judgments or decrees to which no effect can be given. *Britt v. Department of Public Welfare,* 787 A.2d 457 (Pa.Cmwlth.2001). An exception to mootness will be found where (1) the conduct complained of is capable of repetition yet likely to evade judicial review; (2) the case involves issues of great public importance; or (3) one party will suffer a detriment in the absence of a court determination. *Horsehead Resource Development*

---

**1.** Act of August 6, 1941, P.L. 861, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. § 331.21a. It states that generally "the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed."

**2.** Section 9761 at the Judicial Code, 42 Pa. C.S. § 9760, which governs credit for time served, does not permit a sentencing court to credit a prisoner for time served on another related offense. *Taglienti v. Department of Corrections,* 806 A.2d 988, 993 (Pa.Cmwlth. 2002).

*Company, Inc. v. Department of Environmental Protection,* 780 A.2d 856 (Pa. Cmwlth.2001).

▮ In the present case, Petitioner cannot satisfy the case or controversy requirement because there is no relief that can be ordered. He has served his sentence. We consider, then, whether Petitioner can demonstrate that any of the three exceptions to the mootness doctrine apply here.

▮▮ A prisoner's release from incarceration does not moot a prisoner's claim in litigation if he can show collateral consequences. *United States of America v. Kissinger,* 309 F.3d 179, 181 (3rd Cir.2002) (challenged act was the probation condition limiting petitioner's ability to travel and not the underlying conviction). In *Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968) the Supreme Court established a presumption of collateral consequences where a litigant challenges a criminal *conviction*.[3] However, this presumption has not been extended to circumstances where the underlying conviction is not at issue.[4] Where a petitioner chooses to attack *only his sentence,* and not the underlying conviction, the expiration of that sentence renders the case moot unless the petitioner can demonstrate that collat-

eral consequences adequate to satisfy the case-or-controversy requirement. In this case, Petitioner must show collateral consequences arising from the Board's failure to reduce his sentence that cause continuing injury. *See Kissinger,* 309 F.3d at 181. The United States Supreme Court has explained this requirement as follows:

> A number of disabilities may attach to a convicted defendant even after he has left prison, and the Court has recognized the standing of such persons to challenge the legality of their convictions even when their sentences have been served.... Nullification of a conviction may have important benefits for a defendant ... but urging ... the correction of a sentence already served is another matter.

*North Carolina v. Rice,* 404 U.S. 244, 247–48, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971). Petitioner has not alleged any collateral circumstances that create a continuing injury.

▮ Petitioner does not explain how this case involves a question of great public importance or even identify the issue of importance. His bald assertion that the Supreme Court remanded[5] the case to this

---

**3.** *Sibron* recognized two possible exceptions to the doctrine of mootness as a result of completion of a criminal sentence allowing review on the merits: (1) where the case could not be brought before the expiration of the sentence and the controversy was a continuing one; and (2) where under either state or federal law further penalties or disabilities can be imposed as a result of the judgment which has been satisfied. *Sibron* discussed *Pollard v. United States,* 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957) in which the Supreme Court abandoned all inquiry into the actual existence of specific collateral consequences and in effect presumed that they existed. "[T]he possibility of consequences collateral to the imposition of sentence is sufficiently substantial to justify our dealing with the merits." *Id.* at 358, 77 S.Ct. 481.

**4.** The use of the presumption has been specifically rejected in cases where convicted felons who had completed their sentences challenged mandatory parole at the conclusion of their fixed terms of incarceration, *Lane v. Williams,* 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982). It has also been rejected where a parole revocation is challenged. *Spencer,* 523 U.S. at 7, 118 S.Ct. 978.

**5.** We note that *Martin v. Board of Probation and Parole,* 576 Pa. 588, 840 A.2d 299 (2003), defined the purposes for awarding pre-sentence credits where an offender is incarcerated on both a Board detainer and new criminal charges as (1) eliminating the unequal treatment suffered by indigent defendants who, because of their inability to post bail, may serve a longer overall confinement for a

Court for consideration because the case is important does not make it so. We reject Petitioner's conclusory argument on this exception to mootness.

■ Petitioner's assertion that the issue in his appeal "is capable of repetition, yet evading review" is also unpersuasive. The issue is whether credit for time served on one sentence, where the sentence is adjusted downward by the trial court, can be applied to another sentence still to be served. The exception to mootness applies only when there is a "reasonable expectation that the *same complaining party* would be subjected to the same action again." *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (emphasis added).[6] Petitioner cannot advance this exception to mootness because repetition will occur only if he commits another crime and is returned to jail. Collateral consequences that depend upon future convictions cannot be considered by the Court because Petitioner is "able—and indeed required by law—to prevent such a possibility from occurring." *Lane,* 455 U.S. at 632 n. 13, 102 S.Ct. 1322.

■ Petitioner's allegations of detrimental consequences to the general public, including "the bench and bar," rather than to a party to this case, are likewise insuffi-

cient. Petitioner does not speak for the public. These allegations fail to breathe life into the mooted controversy of credit applied to a sentence that has been completed.

■ In absence of proof of one of the exceptions, this Court is not empowered to decide the merits of moot questions or abstract propositions. *Rice,* 404 U.S. at 246, 92 S.Ct. 402. "[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so. We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." *Spencer,* 523 U.S. at 18, 118 S.Ct. 978. The central question in all cases of mootness is whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief. The mere passage of time has resolved the issue of the date of Petitioner's release. No live controversy remains.[7]

Accordingly, we dismiss Petitioner's petition as moot.

**ORDER**

AND NOW, this 7th day of December, 2004 the petition of Gerald Mistich is dis-

given offense than their wealthier counterparts; and (2) equalizing the actual time served in custody by defendants convicted of the same offense. The Supreme Court held that all time spent in confinement must be credited to either the new sentence or the original sentence. The context of Mistich's demand for credit is not pre-sentence confinement. Mistich is seeking credit for a period of incarceration *after sentencing* on the DUI conviction against an earlier conviction for burglary and theft. The holding in *Martin,* therefore, is not dispositive of the issue in the present case. *Taglienti,* 806 A.2d 988, and *Bailey,* 140 Pa.Cmwlth. 108, 591 A.2d 778, were not among the cases specifically overruled by *Martin.*

6. In *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975) the Supreme Court decided that in the absence of a class action, the "capable of repetition, yet evading review" doctrine was limited to the situation where two elements combined: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.

7. Having determined that it is appropriate to grant the Board's motion suggesting mootness, we decline to suppress Petitioner's brief on procedural grounds.

missed as moot and the Motion to Suppress the Brief of Petitioner filed by the Board is dismissed.