# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Turnpike Commission,   :
                   Petitioner   :
                               :
         v.   :  No. 366 C.D. 2015
                               :  Submitted: November 17, 2015
Paul Van Osdol and WTAE TV,   :
                 Respondents   :


BEFORE:  HONORABLE MARY HANNAH LEAVITT, Judge
                  HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE ANNE E. COVEY, Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                **FILED: December 16, 2015**

The Pennsylvania Turnpike Commission (Commission) petitions for review of a final determination of the Office of Open Records (OOR), granting Paul Van Osdol and WTAE TV's (collectively, Requester) request for records under the Pennsylvania Right-to-Know Law (RTKL).[1] We now vacate the OOR's final determination and remand the matter to the OOR with instructions to dismiss Requester's appeal as moot.

On December 2, 2014, Requester filed a RTKL request (Request) seeking:

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-.3104.

- The [Commission's] policies for sick leave and Sick & Accident benefits.[2]

- Names of all current and former employees who have received Sick & Accident pay from Jan[uary] 1, 2012 to present.  Also please include the dates each employee began and terminated Sick & Accident pay and the total amount of Sick & Accident pay received by each employee.

- Names and termination/retirement dates of all employees who have terminated employment or retired from the [Commission] from Jan[uary] 1, 2012 to present.

- Amount of accrued sick, vacation and/or any other leave pay given to each employee who retired or terminated employment from Jan[uary] 1, 2012 to present.  Please break out the accrued payments into separate categories (sick, vacation, etc.).

(Reproduced Record (R.R.) at 1a.)  The Commission notified Requester that it would require an additional thirty days to respond to the Request.  (*Id.* at 2a.)  On January 12, 2015, the Commission granted in part and denied in part the Request.  (*Id.* at 3a.)  The Commission granted the portion of the Request pertaining to payroll information (*i.e.*, employee name, effective date, vacation leave payout, and sick leave payout) and the Commission's policies for sick leave and Sick & Accident disability benefits.  (*Id.* at 3a-4a.)  With respect to the information regarding Sick & Accident disability benefits as requested in bullet point two, the Commission denied the Request.  (*Id.* at 3a.)  In so doing, the Commission deemed that portion of the Request as seeking "protected health information," and

---

[2] In addition to paid sick leave, the Commission provides certain eligible employees with non-work-related "Sick & Accident" benefits, which are a form of short term disability coverage. (Reproduced Record (R.R.) at 6a-7a.)

explained that "[t]he Health Insurance Portability and Accountability Act of 1996[3] [(HIPAA)] protects individually identifiable health information and prohibits the unauthorized release of such protected health information." (*Id.*)

Requester appealed the Commission's partial denial of the Request to the OOR. Requester argued that public agencies are not covered entities under HIPAA and that the number of disability days taken and the amount paid for disability leave do not constitute individually identifiable health information. (*Id.* at 17a.) The Commission continued to argue that the requested records were exempt from the RTKL under HIPAA. The Commission further argued that the requested information was exempt under Section 708(b)(5) of the RTKL, 65 P.S. § 67.708(b)(5). The OOR granted the appeal and concluded that the requested records were not exempt under either HIPAA or Section 708(b)(5) of the RTKL. The Commission petitioned this Court for review.

On appeal,[4] the Commission argues that the documents concerning Sick & Accident disability benefits are exempt from disclosure under HIPAA and Section 708(b)(5) of the RTKL, that the disclosure of documents revealing disability status would infringe upon the right to privacy conferred by Article 1, Sections 1 and 8 of the Pennsylvania Constitution, and that the documents cannot

---

[3] 42 U.S.C. § 1320d-6.

[4] On appeal from the OOR in a RTKL case, this Court's standard of review is *de novo*, and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

be redacted and must be withheld in their entirety.[5] Requester contends that the Commission's appeal is moot, because Requester has withdrawn the Request.

We must first address Requester's argument that the Commission's appeal is moot, "as the courts of this Commonwealth are generally proscribed from rendering decisions in the abstract or issuing purely advisory opinions." *Office of Governor v. Donahue*, 98 A.3d 1223, 1229 (Pa. 2014). Specifically, Requester contends that on June 4, 2015, Requester formally withdrew its Request and informed the Commission that it would not seek to enforce the OOR's final determination. The Commission's appeal, therefore, is moot, because there is no case or controversy between the parties.

"Generally, a case will be dismissed as moot if there exists no actual case or controversy." *Mistich v. Pa. Bd. of Prob. and Parole*, 863 A.2d 116, 119 (Pa. Cmwlth. 2004). A case or controversy exists where:

> (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution.

*Id.* "Exceptions have been made to this principle where conduct complained of is capable of repetition yet likely to evade judicial review, where the case involves issues of great public importance or where one party will suffer a detriment

---

[5] *Amicus Curiae*, Teamsters Local 30 and Teamsters Local 250, have submitted a brief in support of the Commission's petition for review. They argue that the requested documents are exempt from disclosure under Section 708(b)(5) of the RTKL and that producing the requested documents would be an unfair labor practice under the Pennsylvania Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§ 1101.101-.2301.

without the court's decision." *Horsehead Res. Dev. Co., Inc. v. Dep't of Envtl. Prot.*, 780 A.2d 856, 858 (Pa. Cmwlth. 2001), *appeal denied*, 796 A.2d 987 (Pa. 2002).

Here, it is clear that no case or controversy currently exists between the parties. By letter dated June 4, 2015, Requester explained to the Commission that

> with this letter, [Requester] formally withdraws the . . . Request made on December 2, 2014 to your client, the . . . Commission. That Request underlies the February 20, 2015 final determination . . . issued by the . . . OOR, which you have appealed to the Commonwealth Court in this action. [Requester] further formally informs you that, while [Requester] does not accept your arguments on appeal, it does not and will not seek enforcement of the final determination.

(Requester's Br., Ex. B.)[6] Requester no longer seeks the documents that the Commission refuses to provide, and, therefore, there is no case or controversy between the parties. Further, because Requester has withdrawn its request and does not seek enforcement of the OOR's final determination, Requester's appeal to the OOR is also moot, as the Request effectively no longer exists. Thus, we vacate the OOR's final determination and remand this matter to the OOR with instructions that it dismiss Requester's appeal as moot.[7]

---

[6] Requester also sent a letter to this Court, explaining that it was withdrawing its appeal and that it would not seek enforcement of the OOR's final determination. (Requester's Br., Ex. C.) This letter was not docketed, as it was insufficient to constitute a motion to dismiss the Commission's petition for review as moot. Instead, Requester has raised the issue of mootness in its merits brief.

[7] The crux of the Commission's argument in its Reply Brief appears to be that the OOR's final determination will still have precedential value. By vacating the OOR's final determination **(Footnote continued on next page…)**

Accordingly, we vacate the final determination of the OOR and remand this matter to the OOR with instructions that it dismiss Requester's appeal as moot, because Requester has withdrawn its Request.

_____
P. KEVIN BROBSON, Judge

_____

**(continued…)**

with instructions to dismiss Requester's appeal as moot, there will no longer be administrative precedent detrimental to the Commission's interests in this matter.

The Commission also argues that the instant matter falls within the mootness exceptions, and, thus, this case should be decided on the merits. First, the Commission contends that the issues raised in its appeal are capable of repetition yet likely to evade review, because opposing parties will continue to withdraw requests. Such an argument is speculative. If the Commission again denies a RTKL request for Sick & Accident disability benefits documents, and the OOR grants the appeal from the Commission's denial, the Commission will, as always, have the opportunity to seek relief in this Court. Next, the Commission argues that as matters of public importance, the issues in the appeal should be decided on the merits. The public importance exception to the mootness doctrine is rarely applied by this Court, and we see no reason to apply it now to address these narrow issues. Last, the Commission contends that it will suffer a detriment in the absence of a ruling from this Court, because it has expended significant time and expense in responding to the Request, appealing to the OOR, and appealing to this Court. We disagree. The Commission expended time and expense in litigating this matter, because it did not want to provide Requester with the Sick & Accident disability benefits documents and it did not want the OOR's final determination to have precedential value. Although this Court does not today rule on the merits of the Commission's appeal, the Commission will not be required to provide Requester with the requested documents, nor will detrimental precedent exist. We, therefore, reject the Commission's arguments that the instant matter falls within the mootness exceptions.

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Turnpike Commission,  :
        Petitioner :
            :
    v.       : No. 366 C.D. 2015
            :
Paul Van Osdol and WTAE TV,  :
       Respondents :

# **O R D E R**


    AND NOW, this 16th day of December, 2015, we hereby VACATE the final determination of the Office of Open Records (OOR) and REMAND this matter to the OOR with instructions that it dismiss the appeal of Respondents Paul Van Osdol and WTAE TV as moot, because Respondents have withdrawn their Right-to-Know Law request.

    Jurisdiction relinquished.



         _____
         P. KEVIN BROBSON, Judge