IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania, | : | |
| Department of Corrections, | : | |
| Corrections Officer John Doe | : | |
| | : | |
| v. | : | No. 974 C.D. 2021 |
| | : | Submitted: March 18, 2022 |
| Inmate John Smith, | : | |
| | : | |
| Appellant | : | |

BEFORE:    HONORABLE ANNE E. COVEY, Judge
                    HONORABLE MICHAEL H. WOJCIK, Judge
                    HONORABLE MARY HANNAH LEAVITT, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                                        FILED:  February 1, 2023

Inmate John Smith (Inmate), an inmate at the State Correctional Institution at Rockview (SCI-Rockview), appeals from the May 13, 2021, order of the Centre County Court of Common Pleas (trial court) that granted the request of the Department of Corrections (Department) and Corrections Officer John Doe (Officer) to compel Inmate to have his blood drawn and tested, and the test results disclosed under Section 8 of the Confidentiality of HIV-Related Information Act (Act).[1]  However, the Department and the Officer filed a motion to quash Inmate's appeal for mootness pursuant to Pa. R.A.P. 1972(4).[2]  Because there exists no live case or controversy through which Inmate's requested relief can be granted, and

---

[1] Act of November 29, 1990, P.L. 585, 35 P.S. §7608.

[2] Inmate initially appealed this matter to the Superior Court, which transferred the appeal to this Court.  By order dated October 22, 2021, we directed that the Department's and the Officer's motion shall be decided with the merits.

because this case does not qualify for an exception to the mootness doctrine, we grant the Department's and the Officer's motion and dismiss Inmate's appeal as moot.

The facts as found by the trial court are not in dispute. On May 4, 2021, Inmate threw an unknown liquid substance onto the left side of the Officer's face, some of which went into the Officer's left eye. Trial Court Opinion, 6/28/21, at 1. *See* Original Record (O.R.) at Item 15. Pursuant to Center for Disease Control (CDC) guidelines and Department policy, the Officer was immediately relieved from duty and transported to a local hospital for medical assessment and treatment, as required by Section 8 of the Act. Trial Court Opinion at 1-2. After examination, a physician assistant determined that the Officer's exposure was "significant" as defined by the Act. *Id.* at 2. On May 5, 2021, Department staff asked Inmate to consent to HIV blood testing and the release of his HIV status to assess the risk of transmitting HIV to the Officer. Inmate refused to consent. *Id.*

The Department and the Officer filed a complaint with the trial court on May 10, 2021, seeking to compel Inmate to have his blood drawn and to disclose the test results, averring that the Officer had a significant exposure to the unknown fluid thrown by Inmate, and that the Officer had a compelling need for this information as those terms are defined in the Act. O.R. at Item 1. The Department and the Officer requested that the matter be placed under seal, and that both Inmate and the Officer be permitted to use pseudonyms to protect their confidential health information, which the trial court granted. *Id.* at Items 3, 5. The Department and the Officer also sought an expedited hearing, which was held virtually due to the COVID-19 protocols then in place. *Id.* at Items 2, 4. At the May 13, 2021 hearing, both parties participated in the virtual hearing, were represented by counsel, had the

2

opportunity to question witnesses, and to offer evidence. Trial Court Hearing, Notes of Testimony (N.T.), 5/13/21. *See* O.R. at Item 16. At the hearing, the Officer testified that the unknown fluid Inmate threw at him smelled like urine, and that it entered his left eye. N.T. at 12. The Officer also testified that he was prescribed and took post-exposure preventive (PEP) medication, described as a prophylactic treatment to prevent transmission of HIV, and that the PEP medication caused him negative side effects. *Id.* at 14.

At the conclusion of the hearing, the trial court found that the Department and the Officer met their burden under the Act to demonstrate that the Officer had a compelling need for Inmate's testing and disclosure, subject to all appropriate safeguards. N.T. at 32-33 and O.R. at Item 7. As required by Section 8(c) of the Act, 35 P.S. §7608(c), the trial court assessed whether the Officer had a compelling need by balancing "the need for disclosure against the private interest" of Inmate. Trial Court Opinion at 2. The trial court concluded that the Officer demonstrated compelling need because of the infectious nature of HIV, and the risk of HIV transmission when bodily fluids come into contact with the mucus membrane of the eye. *Id.* The trial court also concluded that the Officer was unable to make informed decisions about future medical treatment without the requested information. *Id.* The trial court also concluded that the Officer had a compelling need for the information to relieve the emotional distress of not knowing Inmate's HIV status, and that "[n]o other means of accommodation exist" to meet these needs other than disclosure. *Id.* at 2-3. Inmate then appealed the trial court's order.[3]

---

[3] Our review is limited to determining whether the trial court committed an abuse of discretion. *Application of Milton S. Hershey Medical Center of the Pennsylvania State University*, 634 A.2d 159, 161 (Pa. 1993). "Where the discretion exercised by the trial court is challenged on appeal, the party bringing the challenge bears a heavy burden." *Id.* An abuse of discretion is not
**(Footnote continued on next page…)**

The parties do not dispute that Inmate's blood was drawn sometime after the trial court hearing concluded, and before Inmate filed this appeal on June 4, 2021. The Department and the Officer seek to quash Inmate's appeal as moot because Inmate's blood draw and the tests had already been performed, and the disclosure of the relevant data had already occurred, by the time Inmate filed this appeal. Appellees' Motion to Dismiss at 2-3 (unnumbered). In his response, Inmate admitted that "it appears that the blood draw was completed within minutes of the [trial court's] termination of the video[-]conferenced hearing and before counsel could travel to [SCI-Rockview] to consult with his client about seeking a stay or appeal." Appellant's Answer to Appellee's Motion to Dismiss at 2. Inmate avers that this matter presents an exception to the mootness doctrine because the issue is likely to recur yet evade appellate review. *Id.*

It is well established that courts may not decide moot cases. Generally, a case will be dismissed as moot if no actual case or controversy exists. *Mistich v. Pennsylvania Board of Probation and Parole*, 863 A.2d 116, 119 (Pa. Cmwlth. 2004). The existence of a case or controversy requires: (1) a legal controversy that is real and not hypothetical; (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication; and (3) a legal controversy with sufficiently adverse parties to sharpen the issues for judicial resolution. *Id.* (citations omitted). A controversy must continue through all stages of litigation, including appeals. *Id.* Courts will not enter judgments to which no effect can be given. *Id.* An issue can become moot on appeal as a result of an

_____

merely an error of judgment. An abuse of discretion will only be found if, in reaching a conclusion, the trial court overrode or misapplied the law, the judgment exercised was manifestly unreasonable, or is the result of partiality, bias, or ill will as evidenced by the record. *Id.* (citations omitted).

intervening change in the facts of a case, or due to an intervening change in the applicable law. *Id.*; *see also In re Gross*, 382 A.2d 116, 120 (Pa. 1978).

However, where the conduct complained of is capable of repetition yet likely to evade review, or the case involves questions important to the public interest, courts may decide the issue even if the present controversy is technically moot. *Gaffney v. City of Philadelphia*, 728 A.2d 1049, 1052 (Pa. Cmwlth. 1999). An action may be subject to this exception if the duration of the action is too short to be fully litigated before the controversy expires. *See Driscoll v. Zoning Board of Adjustment of the City of Philadelphia*, 201 A.3d 265, 270-71 (Pa. Cmwlth. 2018).

As to the mootness issue, the Department and the Officer claim that because Inmate's testing and disclosure occurred before Inmate's appeal was filed, Inmate's appeal should be dismissed as moot. The Department and the Officer argue that once the testing and disclosure occurred, the Court could not grant Inmate's requested relief, citing in support *In re Gross*, 382 A.2d at 120. The Department and the Officer assert that when faced with an identical fact situation, this Court dismissed as moot an inmate's appeal in *Department of Corrections and Officer John Doe v. Inmate John Smith (Appeal of Corey Bracey)*(*Bracey*) (Pa. Cmwlth., No. 121 C.D. 2013, filed February 27, 2013).[4]

The Department and the Officer also contend that Inmate's appeal does not qualify as an exception to the mootness doctrine as an issue that is "likely to recur, yet evade appellate review," citing in support *Gaffney*, 728 A.2d at 1052. The Department and the Officer do not dispute that Inmate's blood test occurred on the same day as the hearing, which they argue was appropriate given the exigency of the

---

[4] *See* Pa. R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. [] Non-precedential decisions . . . may be cited for their persuasive value.").

5

circumstances and the risk to the Officer's health. The Department and the Officer note that Inmate asked whether his attorney intended to file an appeal at the conclusion of the hearing, but that the appeal was not filed until June 4, 2021. N.T. at 33. The Department and the Officer submit that although this issue may recur, it is unlikely to evade review, because an inmate may request a stay of the trial court's order pending appeal, which Inmate failed to do here.

Inmate responds that his appeal should not be dismissed as moot because it is likely to recur and evade review, based on the expedited timeline for hearings under the Act. Inmate contends that the blood draw was performed within minutes of the entry of the trial court's order, before he had the opportunity to consult with his attorney to determine whether to seek a stay. Inmate claims that this situation presents a perfect example of a case that is likely to evade judicial review, leaving him and other inmates without a remedy. Inmate seeks to distinguish *In re Gross*, 382 A.2d 116, because in that case mootness was caused by a change in the law, rather than a change in the facts. Inmate further responds that in *Application of Milton S. Hershey Medical Center*, 634 A.2d at 161 n.1, the Supreme Court decided a disclosure issue under the Act, even though it was technically moot, based on the capable-of-repetition-yet-evading-review exception. Inmate objects to the Department's and the Officer's reliance on *Bracey*, because that case was dismissed as moot through a *per curiam* order and not through a memorandum opinion as required by Pa. R.A.P. 126, and because the Department did not attach the order to its brief.

We agree that Inmate's blood draw and testing occurred soon after the conclusion of the trial court hearing, based on the expedited proceeding under Section 8(g) of the Act, 35 P.S. §7608(g). We conclude that Inmate's appeal became

6

moot based on the factual developments that occurred after the trial court hearing, namely, that Inmate's blood was drawn before he filed his appeal. An issue can become moot on appeal as a result of an intervening change in the facts of a case, which is what occurred here. *See Mistich*, 863 A.2d at 119, and *In re Gross*, 382 A.2d at 120.

We must next consider whether this appeal presents an exception to the mootness doctrine, and we conclude that it does not. We reject Inmate's argument that orders directing blood tests under the Act are likely to evade review based on the expedited timeline, because Inmate failed to seek a stay pending appeal. In *Application of Milton S. Hershey Medical Center*, 634 A.2d 159, the question presented was whether two hospitals could disclose, and how they could disclose, that a physician on their medical staffs had tested positive for HIV. In that case, temporary stays of the trial court's order were requested and granted, and upon their expiration, the order to disclose the information was given effect. *Id.* at 159 n.1. Under those facts, the Supreme Court concluded that the capable-of-repetition-yet-evading-review exception to mootness applied. *Id.*

Here, however, although Inmate inquired about whether to file an appeal at the end of his hearing, neither he nor his attorney sought a stay, and he did not file his appeal until after the testing and disclosure had occurred. Although the expedited procedures for blood testing may be repeated in other actions under the Act, the affected individual may still seek a stay pending appeal to delay the blood draw, thereby preserving prompt judicial review. The Supreme Court's decision in *Application of Milton S. Hershey Medical Center* does not compel a different result because the scope of the disclosure and the competing interests present in that case are not present here. Further, although we acknowledge that under *Heim v. Medical*

7

*Care Availability and Reduction of Error Fund*, 23 A.3d 506, 510 (Pa. 2011), a *per curiam* order may not serve as binding precedent, we nevertheless take judicial notice of this Court's decision in *Bracey* for its persuasive value on the issue of mootness in actions under the Act.[5]

Accordingly and for the foregoing reasons, we grant the Department's and the Officer's motion and dismiss Inmate's appeal as moot.[6]

_____
MICHAEL H. WOJCIK, Judge

---

[5] It is appropriate for this Court to take judicial notice of documents that are filed and entered into our docket. *See, e.g.*, Pa. R.E. 201(b)(2) (permitting courts to take judicial notice of facts that may be "determined from sources whose accuracy cannot reasonably be questioned"); *Moss v. Pennsylvania Board of Probation and Parole*, 194 A.3d 1130, 1137 n.11 (Pa. Cmwlth. 2018) (taking judicial notice of docket entries that were not part of the original record); *Miller v. Unemployment Compensation Board of Review*, 131 A.3d 110, 115 (Pa. Cmwlth. 2015) (taking judicial notice of the entries on a claimant's criminal docket and the records contained therein).

[6] Moreover, even if the above-captioned matter was not dismissed as moot, we discern no abuse of discretion by the trial court in this case. Our review of the original record reveals no abuse of discretion by the trial court when it found that the Department met the requirements of Section 8 of the Act. The record also demonstrates that the trial court did not override or misapply the law, and that its judgment was not manifestly unreasonable, nor was the result of partiality, bias, or ill will. *Application of Milton S. Hershey Medical Center*, 634 A.2d at 161.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania,    :
Department of Corrections,      :
Corrections Officer John Doe    :
                               :
         v.            : No. 974 C.D. 2021
                               :
Inmate John Smith,           :
                               :
            Appellant    :

## **O R D E R**

AND NOW, this 1st day of February, 2023, the Motion to Quash or Dismiss for Mootness filed by the Commonwealth of Pennsylvania, Department of Corrections and Corrections Officer John Doe is GRANTED, and the above-captioned appeal is DISMISSED as moot.

_____
MICHAEL H. WOJCIK, Judge