IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Washington Township          :
Municipal Authority          :
                             :
        v.                   :
                             :
Kevin L. McCauley,           :    No. 372 C.D. 2022
             Appellant       :    Submitted: November 23, 2022


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON          FILED: June 13, 2023


        Kevin L. McCauley (Appellant) appeals *pro se* from the March 16, 2022 order of the Court of Common Pleas of Clarion County (trial court) overruling Appellant's preliminary objections to a Declaration of Taking filed by the Washington Township Municipal Authority (Authority). The Authority seeks to acquire a temporary construction right-of-way and a permanent right-of-way over Appellant's land for the purpose of extending an existing public sewer system and appurtenances thereto. The Authority has filed a "Motion to Quash or Dismiss Appeal" (Motion to Dismiss). The Motion to Dismiss was not answered and the facts that have developed making it moot are not challenged. For the reasons stated below, we grant the Motion to Dismiss and dismiss the appeal with prejudice.

        In October of 2021, Appellant owned property located at 749 Dempseytown Road, Fryburg, Clarion County, Pennsylvania (Property), which is

located within the boundaries of Washington Township (Township). *See* Property Deed, Supplemental Reproduced Record (SRR) at 30a. On October 25, 2021, the Authority authorized a Declaration of Taking, to which the Property was subject, for the purpose of "acquir[ing] a temporary construction right-of-way and permanent right-of-way over a piece of land to extend the public sanitary sewer system and appurtenances that are part of the [Township's sewer s]ystem." *See* Declaration of Taking at 2, SRR 25a. The Authority filed the Declaration of Taking and served notice of the same on Appellant on November 5, 2021. *See* Declaration of Taking, SRR at 23a-28a; *see also* Notice to Condemnee, SRR 21a-22a; Notice of Filing of Declaration of Taking, SRR at 36a-39a. On December 16, 2021, Appellant filed preliminary objections to the Declaration of Taking, which raised four claims that the trial court restated[1] as:

---

[1] In their entirety, paragraphs 3-6 of the Preliminary Objections stated Appellant's objections to the Declaration of Taking as follows:

> 3. The Condemnor has not acted in the best interest of the residents of Washington Township as pursuant to the April 2011 Act 537 and September 2018 Act 537 revision of sanitary sewage extension of Washington Township.

> 4. The Condemnor has knowingly deceived, lied, and falsified records. Whom has not acted by required guidelines and laws enacted by the state of Pennsylvania and the Department of Environmental Protection in application and approval of the 537 Sanitary Sewage Extensions.

> 5. The Condemnor and the EADS GROUP purposely and deliberately "leveraged" and bullied residents into signing easements for the purpose of sewage extensions.

> 6. The Condemnee along with other Resident easement holders have exhausted all financial and legal means to adjudicate the Washington Township Authority 537 extensions only to have this dismissed solely upon the 30 days requirement for appeal.

(1) The Authority has not acted in the best interest of the residents of the Township; (2) the Authority has knowingly deceived, lied, and falsified records, (3) the Authority and its engineers have leveraged and bullied residents into signing easements, and (4) [Appellant] and other respondents have exhausted financial and legal means to adjudicate the sewer extensions only to have their claims dismissed upon the 30 day requirement for appeal.

Opinion and Order of Court dated March 16, 2022 (Trial Court Order) at 1-2; *see also* Condemnee Objection to Declaration of Taking (Preliminary Objections), SRR at 41a-43a.

On January 10, 2022, the Authority filed an answer to the Preliminary Objections, to which Appellant replied on January 27, 2022. *See* Reply to Condemnee Objection to Declaration of Taking, SRR at 47a-58a; Reply to Condemnor Declaration of Taking, SRR at 59a-61a. The trial court conducted a hearing on the Preliminary Objections on February 25, 2022. At the hearing, Appellant argued that the Authority's proposed easement "on his land is not a public use or for a public purpose because his land is the last in line and the right-of-way is not needed to serve other properties." Trial Court Order at 2. Appellant also argued at the hearing that he has his own sewage system and therefore does not want to connect to the public sewer system. *See id.*

On March 16, 2022, the trial court issued the Trial Court Order overruling the Preliminary Objections. *See* Trial Court Order. In the Trial Court Order, the trial court treated Appellant's first objection as a challenge to the power

Preliminary Objections at 1-2 (pagination supplied) (all errors in original). The "Act 537" mentioned in the Preliminary Objections refers to the Pennsylvania Sewage Facilities Act, Act of January 24, 1966, P.L. (1965) 1535, *as amended*, 35 P.S. §§ 750.1-750.20a.

3

or right of the Authority to appropriate a right-of-way on the Property, which objection the trial court overruled. *See id.* at 2-4. The trial court noted, however, that the Eminent Domain Code (Code)[2] does not authorize Appellant's second, third, and fourth objections, which the trial court accordingly overruled. *See* Trial Court Order at 2. Additionally, the trial court noted that, although the Preliminary Objections included a section titled "Security/Just Compensation," Appellant did not actually challenge the sufficiency of the bond posted by Authority, so the trial court did not consider such an objection. *See id.* at 2. This timely appeal followed.

On April 24, 2023, the Authority filed the Motion to Dismiss, which alleges that the matter is moot because, during the course of the appeal, Appellant[3] sold the Property to Andrew McCullough and Marissa Hartzell (collectively, Buyers). *See* Motion to Dismiss at 2 (pagination supplied); *see also* Property Deed from Appellant to Buyers dated November 23, 2022, Motion to Dismiss Exhibit A.[4] The Motion to Dismiss explains that the Buyers do not contest the temporary construction right-of-way or the permanent right-of-way over the Property to extend the public sanitary sewer system and have entered into a written Right-of-Way and Easement Agreement with the Authority for the installation of the sewer line. *See* Motion to Dismiss at 2-4; *see also* Right-of-Way and Easement Agreement between

---

[2] 26 Pa.C.S. §§ 101-1106.

[3] The Motion to Dismiss alleges that Appellant currently resides in Barbour County, Alabama. *See* Motion to Dismiss at 1 (pagination supplied).

[4] We note that supporting papers are attached to the application for relief as required by Rule 123(a) of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 123(a) (providing that "[i]f an application is supported by briefs, verified statements, or other papers, they shall be served and filed with the application"). This Court may, in its discretion, accept the facts set forth in the Motion to Dismiss without verification. *See* Pa.R.A.P. 123(c). Here, where Appellant does not challenge the averments of the Motion to Dismiss, and where the averments illustrate that the matter is now moot, we accept the allegations contained in the Motion to Dismiss.

4

Buyers and the Authority dated January 4, 2023, Motion to Dismiss Exhibit B. Appellant did not file an answer to the Motion to Dismiss.

Before addressing the parties' substantive contentions on appeal, we first consider whether this matter is moot. As a general rule, an actual case or controversy must exist at all stages of the judicial process or a case will be dismissed as moot. *In re Gross*, 382 A.2d 116, 119 (Pa. 1978). Cases that present an issue of mootness involve litigants that had standing to sue at the outset of the litigation but, after the lawsuit has gotten underway, changes in the facts or in the law occur that may deprive the litigants of the necessary stake in the outcome. *Id*. As this Court has observed:

> The existence of a case or controversy requires
>
> > (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution.
>
> A controversy must continue through all stages of judicial proceedings, trial and appellate, and the parties must continue to have a personal stake in the outcome of the lawsuit.

*Mistich v. Pa. Bd. of Prob. & Parole*, 863 A.2d 116, 119 (Pa. Cmwlth. 2004) (internal citations and quotation marks omitted). Further, if a change in facts or law renders it impossible for the court to grant relief, then the question is moot. *Gross*, 382 A.2d at 120.

5

Here, Appellant has sold the Property to Buyers and thus no longer maintains a personal stake in the Property subject to the instant litigation. Further, to the extent Appellant's personal stake could have transferred to Buyers as successors in interest through the sale of the Property, we note that Buyers do not continue Appellant's challenge to the condemnation/easement on the Property for the purpose of the Authority extending the sewer system, but instead have acquiesced thereto and executed an agreement to accomplish the same. *See* Motion to Dismiss at 2-4 & Exhibit B. As such, a legal controversy requiring judicial resolution no longer exists between the parties, and the matter is moot. *See Gross*; *Mistich*.

Accordingly, we grant the Motion to Dismiss and dismiss the matter with prejudice.

_____
CHRISTINE FIZZANO CANNON, Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Washington Township     :
Municipal Authority     :
            :
   v.        :
            :
Kevin L. McCauley,     :  No. 372 C.D. 2022
     Appellant   :


# O R D E R


AND NOW, this 13th day of June, 2023, the "Motion to Quash or Dismiss Appeal" filed by the Washington Township Municipal Authority on April 24, 2023 is GRANTED, and Appellant Kevin L. McCauley's appeal of the March 16, 2022 order of the Court of Common Pleas of Clarion County is DISMISSED with prejudice.


          _____
          CHRISTINE FIZZANO CANNON, Judge