# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shaun P. Austin,            :
                 Petitioner    :
                               :
        v.                 :   No. 576 M.D. 2022
                               :   SUBMITTED: February 6, 2024
J. Greene, Sr., Court Administrator  :
L. Fisher, Clerk of Courts,         :
Court of Common Pleas Northampton  :
County,                       :
               Respondents  :

**<u>OPINION NOT REPORTED</u>**

**MEMORANDUM OPINION**
**PER CURIAM**                             **FILED: March 5, 2024**

Before the Court for disposition are the respective preliminary objections of Respondent, J. Greene, Sr., Court Administrator, and the Court of Common Pleas of Northampton County; and Respondent, L. Fisher, Clerk of Courts, (collectively, Respondents), to the petition for review filed by Petitioner, Shaun P. Austin. For the reasons set forth below, we sustain the preliminary objections and dismiss the petition for review with prejudice. In addition, we dismiss as moot Petitioner's January 2024 motion for ruling seeking a ruling on Respondents' application to dismiss, as well as a motion for sanctions and/or enforcement of discovery.

In his petition for review, Petitioner alleged that Respondents failed to take certain actions with respect to his Post Conviction Relief Act (PCRA)[1] petition filed at Northampton County Criminal Docket No. CP-48-CR-0002007-2008. In pertinent part, he averred that Respondents refused to accept for filing motions in

---

[1] 42 Pa.C.S. §§ 9541-9546.

connection with his PCRA petition, specifically those seeking an evidentiary hearing and production of transcripts. He seeks an injunction from this Court ordering Respondents to schedule a hearing and to produce the transcripts. However, the Court of Common Pleas of Northampton County dismissed the PCRA petition without a hearing (Trial Court Order, June 5, 2023), and an appeal from that order is pending in the Superior Court.[2] As Respondents argue, the petition for review here is nothing more than an impermissible collateral attack on the Northampton County proceedings. Any issues Petitioner wishes to raise concerning those proceedings are properly addressed in his Superior Court appeal. At all events, we lack original jurisdiction over an action against local authorities. *See* Section 761 of the Judicial Code, 42 Pa.C.S. §761.

Accordingly, we sustain the preliminary objections and dismiss the petition for review with prejudice. In addition, we also dismiss as moot Petitioner's January 2024 motion for ruling seeking a ruling on Respondents' application to dismiss, as well as a motion for sanctions and/or enforcement of discovery. *See Mistich v. Pa. Bd. of Prob. & Parole*, 863 A.2d 116, 119 (Pa. Cmwlth. 2004) (after a suit is filed, the mootness doctrine may be invoked where there is no actual case or controversy between the parties).

---

[2] This Court may take judicial notice of official court records and public documents. *See, e.g.*, Pa.R.E. 201(b)(2) (Judicial notice may be taken of a fact that is not subject to reasonable dispute where it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Doxsey v. Commonwealth*, 674 A.2d 1173, 1174 (Pa. Cmwlth. 2004) (judicial notice taken of official criminal records).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shaun P. Austin,                :
           Petitioner       :
                              :
           v.                  :     No. 576 M.D. 2022
                              :
J. Greene, Sr., Court Administrator   :
L. Fisher, Clerk of Courts,          :
Court of Common Pleas Northampton   :
County,                          :
           Respondents    :

**PER CURIAM**               **O R D E R**

AND NOW, this 5th day of March, 2024, Respondents' preliminary objections are SUSTAINED and Petitioner's petition for review is DISMISSED, with prejudice. Petitioner's motion for ruling seeking a ruling on Respondents' application to dismiss, as well as a motion for sanctions and/or enforcement of discovery is DISMISSED as moot.