# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carlton L. Bullock,                         :
                              Petitioner    :
                                            :
              v.                            :   No. 375 M.D. 2016
                                            :   Submitted: April 21, 2023
The Pennsylvania Department                 :
of Corrections, and The Medlin             :
Training Institute,                         :
                              Respondents   :


**BEFORE:**    **HONORABLE RENÉE COHN JUBELIRER,** President Judge
               **HONORABLE ANNE E. COVEY,** Judge
               **HONORABLE LORI A. DUMAS,** Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**          **FILED: May 16, 2024**


Before this Court is Carlton L. Bullock's (Bullock) pro se Application for Summary Relief (Application) on his Amended Petition for Review (Amended Petition) asserting a number of allegations against the Pennsylvania Department of Corrections (Department) regarding his mental health diagnosis, cell ventilation system, exposure to diseases, denial of medical treatment, forced double-celling, various abuse and retaliation, improper training by Department employees, improper charges to his account, and involuntary psychiatric commitment. Bullock seeks various forms of relief including a transfer to Temple University Hospital in Philadelphia for proper treatment for his medical needs, a transfer to the Philadelphia prison system until he is paroled, removal of any mental health diagnoses and

involuntary psychiatric commitments from his prison records, correction of his behavioral adjustment files and records, return of any charges for co-pays in medical services, a permanent single cell, and any further relief this Court deems appropriate and just. After review, we dismiss this matter as moot because it appears Bullock is no longer incarcerated and, thus, there is no relief that can be afforded.

In the Amended Petition, Bullock avers as follows. During his incarceration he has developed various diseases and mental health disorders that he did not have prior to being incarcerated. (Amended Petition ¶ 12.) Bullock contends that it was not until he started exercising his rights through the prison grievance system that he was diagnosed with a mental health problem. (*Id.* ¶ 13.) After he was confined in the Restrictive Housing Unit at the State Correctional Institution (SCI) at Greene (SCI-Greene), he was released into the general population, only to be sent to the Special Needs Unit, which is a mental health facility. (*Id.* ¶ 14.) In his cell in the Special Needs Unit, the ventilation system was poor and caused him to develop chronic respiratory illnesses. (*Id.* ¶¶ 18-19.) Bullock collected a sample of the air and debris from the ventilation system and attempted to send it to the Centers for Disease Control and Prevention (CDC) for testing, for which the Department retaliated against him by contaminating his food. (*Id.* ¶¶ 19, 22.)

Bullock was later transferred to SCI-Fayette, where he was forced into double-celling, even though his status warranted single-celling, and he was attacked by other inmates. (*Id.* ¶¶ 190-98.) He was also asked to sign a Recovery Treatment Plan for his mental health needs. (*Id.* ¶¶ 39, 42, 44-45.) Bullock contends the Recovery Treatment Plan was part of a conspiracy to fabricate a mental health diagnosis and have him be "given a Stability Code-D" to be transferred back to SCI-Greene. (*Id.* ¶¶ 46-48, 50-51.) Bullock asserts the transfer was retaliatory because

2

he would not be able to complete his program for sex offenders at SCI-Fayette before being transferred to SCI-Greene, which would affect his parole eligibility. (*Id*. ¶¶ 50-52, 99, 126.) Bullock states he was transferred from SCI-Fayette before completing his program and was placed back in the cell at SCI-Greene that exposed him to diseases. (*Id*. ¶¶ 56-57.) Bullock further avers that the Department was supposed to remove his Stability Code-D status and his mental health diagnoses from his records, which it did not do. (*Id*. ¶¶ 60-64.)

This Court previously overruled the Department's preliminary objection (PO) to the Amended Petition asserting misjoinder in *Bullock v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 375 M.D. 2016, filed September 28, 2017) (*Bullock I*),[1] and ordered it to file an Answer. In *Bullock I*, we explained Bullock asserted five counts against the Department, alleging, *inter alia*, the Department exposed him to diseases, falsified his medical and psychiatric records, denied him proper medical treatment, denied him adequate sex offender programming, and placed him in a double cell in retaliation for filing grievances and in violation of the First, Eighth, and Fourteenth Amendments of the United States Constitution, U.S. CONST. amend. I, VIII, XIV, and article I, sections 9, 13, and 14 of the Pennsylvania Constitution, PA. CONST. art. I §§ 9, 13, 14. *See Bullock I*, slip op. at 3-5. After *Bullock I*, the Department filed its Answer and New Matter generally denying Bullock's arguments. (*See* generally Answer and New Matter.) Bullock filed a reply to the New Matter, thereby closing the pleadings.[2]

---

[1] Bullock filed a Motion to Amend the Amended Petition for Review asking that his name in the caption be changed from Lamont C. Bullock to Carlton L. Bullock, which this Court granted by order exited on November 18, 2019.

[2] After *Bullock I*, Bullock also filed a Motion to Compel Discovery and an Application for Special Relief seeking an ex parte preliminary injunction. This Court dismissed Bullock's Motion to Compel Discovery because the Department had already responded and denied the Application

**(Footnote continued on next page…)**

3

Thereafter, Bullock filed the instant Application. Bullock asserts there are no disputed issues of material fact, his right to relief is clear, and he is entitled to relief as a matter of law. (Application, Introduction ¶¶ 3-5.) The Department filed an Answer to the Application and generally denied Bullock's arguments and requested relief, denied that there are no issues as to any material fact, stated Bullock is not entitled to judgment in his favor, and stated Bullock's arguments are barred by the statute of limitations. (*See* Answer to Application.) The parties also submitted briefs.

We need not reach the substance of these arguments, however, because it appears Bullock is no longer incarcerated and has been paroled.[3] Moreover, the Court issued an order on February 23, 2024, for Bullock to show cause why this matter should not be dismissed as moot. This rule was returnable on or before March 25, 2024, and Bullock has not responded.

Because Bullock is no longer incarcerated, the Amended Petition is now moot. A case will generally be dismissed if no actual case or controversy exists. *Johnson v. Pa. Parole Bd.*, 300 A.3d 525, 527 (Pa. Cmwlth. 2023). A case or controversy requires

> (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution.

---

for Special Relief without prejudice. (*See* order exited on 1/9/18.) Bullock also filed an Application for Default Judgment, which this Court dismissed as unauthorized since Bullock filed an Answer to the New Matter and, thus, the pleadings were closed, and ordered Bullock to advance his case as it had been dormant for an extended period. (*See* order exited on 12/9/21.)

[3] *See* http://inmatelocator.cor.pa.gov (last visited May 15, 2024).

4

*Mistich v. Pa. Bd. of Prob. & Parole*, 863 A.2d 116, 119 (Pa. Cmwlth. 2004) (internal citation omitted). A real case or controversy must exist throughout all stages of a proceeding, and the parties must continue to have "a personal stake in the outcome[.]" *Id.* (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 478 (1990) (internal quotation marks omitted)). The Court will also not enter a judgment where no effect will be given. *Id.* (citing *Britt v. Dep't of Pub. Welfare*, 787 A.2d 457 (Pa. Cmwlth. 2001)).

Applying the above legal principles to Bullock's situation, we are constrained to dismiss this matter as moot. "[T]here is no case or controversy because there is no relief that can be ordered" since Bullock's allegations and requested relief pertain to the conditions of his incarceration and it appears he is no longer incarcerated. *Johnson*, 300 A.3d at 528. Since Bullock is no longer incarcerated and appears to have been paroled, "[a]n order by this Court granting [Bullock] relief . . . will not have any meaning[.]" *Id.* Accordingly, the Amended Petition is dismissed as moot.

**RENÉE COHN JUBELIRER,** President Judge

Judge Fizzano Cannon did not participate in the decision in this matter.

5

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Carlton L. Bullock, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 375 M.D. 2016 |
| | : | |
| The Pennsylvania Department | : | |
| of Corrections, and The Medlin | : | |
| Training Institute, | : | |
| Respondents | : | |

# O R D E R

**NOW**, May 16, 2024, the Amended Petition for Review filed by Carlton L. Bullock is **DISMISSED AS MOOT**.

_____
**RENÉE COHN JUBELIRER,** President Judge