IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania          :
                                                          :
          v.                                           :          No. 360 C.D. 2023
                                                          :
Caleb C. Guerrier,                            :          Submitted: June 4, 2024
                              Appellant       :


BEFORE:     HONORABLE PATRICIA A. McCULLOUGH, Judge
                      HONORABLE MATTHEW S. WOLF, Judge
                      HONORABLE MARY HANNAH LEAVITT, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                                    FILED: July 15, 2024


          Caleb C. Guerrier (Appellant) appeals *pro se* from the January 19, 2023 order entered in the Luzerne County Court of Common Pleas (trial court) denying his motion challenging the amount of credit he was awarded for time served in connection with his April 2021 robbery conviction. For the reasons that follow, we dismiss this appeal as moot.

## I.     **Background**

          Appellant was charged with robbery and related offenses following a November 2015 incident during which he violently assaulted a female victim at a Wilkes-Barre hotel. Appellant entered a plea of *nolo contendere* to robbery on April 6, 2021. In exchange, the Commonwealth withdrew the remaining charges and recommended that the sentence run concurrently with an existing federal sentence.

On April 26, 2021, after a hearing and consideration of a pre-sentence investigation report, the trial court sentenced Appellant to a term of 15 to 30 months of incarceration, to be served concurrently with any other sentence that he was then serving. The trial court awarded him credit for time served from March 30, 2021 through April 26, 2021. The Pennsylvania Department of Corrections (DOC) prepared a Sentence Status Summary form dated July 15, 2021 reflecting an effective date for the sentence of March 30, 2021, with minimum and maximum expiration dates for the sentence of June 30, 2022 and September 30, 2023, respectively. (DOC Sentence Status Summary, at 2.)

Appellant filed a direct appeal and the Pennsylvania Superior Court affirmed the judgment of sentence on June 14, 2022. *Commonwealth v. Guerrier* (Pa. Super., No. 761 MDA 2021, filed June 14, 2022) (unpublished memorandum opinion). Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On November 17, 2022, Appellant filed a *pro se* motion in the trial court claiming that he is entitled to additional credit for time served and requesting modification of his sentence. The trial court denied the motion on January 19, 2023. Appellant filed a timely appeal in the Superior Court, which issued an order in April of 2023 transferring the matter to this Court.[1]

## II.    Analysis

Appellant challenges the trial court's award of credit for time served and contends that he was entitled to additional credit towards his sentence because he "was incarcerated in the year 2016 for the charges in question." (Appellant's Br., at 7-8.)

---

[1] *See* 42 Pa.C.S. § 761(a)(1); *Commonwealth v. Schill*, 647 A.2d 695, 696 (Pa. Cmwlth. 1994) (Commonwealth Court has jurisdiction to adjudicate time credit issues concerning DOC).

According to Appellant, both the trial court and the DOC failed to appropriately credit him for the time he served in pretrial incarceration. *Id.*

The Commonwealth counters that, beyond making bald allegations that he is entitled to additional time credit, Appellant has provided no citation to any evidence of record establishing he has served any pretrial incarceration relative to the instant case other than the March 30 through April 26, 2021 time period for which he has already been credited. The Commonwealth additionally points out that this appeal is moot, as Appellant satisfied his sentence as of the maximum date of September 30, 2023. (Commonwealth's Br., at 6-9.)

Preliminarily, because Appellant's maximum release date has lapsed, we must determine whether his appeal is now moot. It is well-settled that "this Court is not empowered to decide the merits of moot questions or abstract propositions." *Mistich v. Board of Probation & Parole*, 863 A.2d 116, 120 (Pa. Cmwlth. 2004). "Generally, a case will be dismissed as moot if there exists no actual case or controversy." *Johnson v. Pennsylvania Parole Board*, 300 A.3d 525, 527 (Pa. Cmwlth. 2023). The existence of a case or controversy requires a legal controversy that (1) is real and not hypothetical, (2) affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) involves sufficiently adverse parties so as to sharpen the issues for judicial resolution. *Id.* A controversy must continue through all stages of judicial proceedings including appellate review, and courts will not enter judgments or decrees to which no effect can be given. *Id.*

An exception to mootness will be found under limited circumstances where "(1) the conduct complained of is capable of repetition yet likely to evade judicial review; (2) the case involves issues of great public importance; or (3) one party will suffer a detriment in the absence of a court determination." *Mistich*, 863 A.2d at

3

120. Additionally, a prisoner's release from incarceration does not moot his claim in a litigation if he can show collateral consequences. *Id.* However, while there is a presumption of collateral consequences where a litigant challenges his underlying criminal conviction, this presumption has not been extended to circumstances where the sentence, but not the conviction itself, is at issue. *Id.* Therefore, "where a petitioner chooses to attack only his sentence, and not the underlying conviction, the expiration of that sentence renders the case moot unless the petitioner can demonstrate collateral consequences adequate to satisfy the case-or-controversy requirement." *Id.*

Here, as noted, Appellant's maximum sentence date was calculated as September 30, 2023 and that date has lapsed. Indeed, it appears that Appellant is no longer in the custody and control of the Commonwealth.[2] Therefore, there is no current case or controversy before us because there is no meaningful relief that we can order with respect to time credit, as Appellant has served his sentence. Regarding the three narrow exceptions to the mootness doctrine, none apply here. Appellant likewise cannot show any collateral consequences arising from the alleged failure to award him additional time credit that have caused him continuing injury, as he has already served the sentence for his robbery conviction. Accordingly, this appeal is dismissed as moot.

_____
PATRICIA A. McCULLOUGH, Judge

---

[2] *See* Inmate Locator, Pa. Dep't of Corr., http://inmatelocator.cor.pa.gov (last visited June 28, 2024).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
                                :
            v.                  :    No. 360 C.D. 2023
                                :
Caleb C. Guerrier,              :
                Appellant       :

## ***ORDER***

AND NOW, this 15th day of July, 2024, the appeal of Caleb C. Guerrier from the January 19, 2023 order entered in the Luzerne County Court of Common Pleas is hereby DISMISSED AS MOOT.

_____
PATRICIA A. McCULLOUGH, Judge