IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shaun L. Graves,                    :
        Petitioner          :
                                    :    No. 823 C.D. 2022
        v.                  :
                                    :    Submitted: December 4, 2023
Pennsylvania Parole Board,          :
        Respondent          :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                    FILED: January 9, 2024


        Shaun L. Graves (Graves) has *pro se* petitioned this Court to review a decision entered by the Pennsylvania Parole Board (the Board), denying his request for administrative relief following his recommitment as a convicted parole violator (CPV). We are constrained to dismiss the appeal as moot.

## I. BACKGROUND[1]

        In 2007, Graves pleaded guilty to arson and burglary[2] and received a 5- to 10-year sentence of incarceration, with a maximum sentence date of December 7, 2016. *See* Sent. Status Summary, 1/11/08. Graves was paroled on October 25, 2012, with the same maximum sentence date. *See* Order to Release on Parole, 7/3/12. Subsequently, Graves was recommitted as a technical parole violator to serve six

---

[1] Unless otherwise stated, we base the recitation of the facts on the Board's response to Graves' administrative remedies form, mailed June 22, 2022, which is supported by the record. *See* Response to Admin. Remedies Form, 6/22/22, at 1-3.
[2] 18 Pa.C.S. §§ 3301(a) and 3502(a), respectively.

months of backtime and was reparoled on February 12, 2014. *See* Order to Recommit, 9/18/13; Order to Release on Reparole, 9/18/13. At that time, Graves had 1029 days remaining on his original sentence.

On October 16, 2014, Graves was arrested in Dauphin County on firearms charges. Graves did not post bail, and the Board's detainer was lodged the same day. On August 12, 2015, federal authorities detained Graves on the same firearms charges, and Dauphin County withdrew its state prosecution. Graves entered a guilty plea in federal district court on February 17, 2016. On September 27, 2016, Graves signed a waiver of his revocation hearing, and his parole was revoked due to the new conviction. *See* Revocation Hr'g Report, 10/18/16. He was sentenced on October 13, 2016, to 100 months in federal prison with two years of supervised release. On November 22, 2021, Graves was released from federal prison and, that same day, he became available to serve his original sentence.[3]

On December 16, 2021, the Board recommitted Graves as a CPV to serve the time remaining on his original sentence.[4] Graves was given 300 days of confinement credit from October 16, 2014, through August 12, 2015. He was not given credit for time spent at liberty on parole. This left 729 days on his sentence, and at that time, his maximum sentence date was November 21, 2023.

On January 19, 2022, Graves filed an administrative remedies form, arguing that the Board had erred in failing to award him credit for time spent in

---

[3] The record reflects that Graves was released from federal prison on November 22, 2021, but does not provide a reason for his early release. *See* District Ct. Docket, filed 7/29/15 (Certified Record (C.R.) 56-60); *see also* Find an Inmate (Printed) (C.R. 62). His Pennsylvania sentence status summary indicates that his parole/release/maximum date was November 22, 2021. *See* Sent. Status Summary, 12/27/21.

[4] The Board mailed notice of its decision on December 23, 2021.

2

federal custody.[5]  On June 22, 2022, the Board affirmed its decision, noting that it had credited Graves 300 days of confinement from October 16, 2014, through August 12, 2015, because the local charges on which he had been held were *nolle prossed*.  However, according to the Board, Graves was not entitled to pre-sentence credit after August 12, 2015, because he did not post bail on his federal charges and therefore was not held solely on the Board's detainer.  Thus, his maximum date was calculated to be November 21, 2023.

Graves *pro se* appealed the Board's decision. Counsel later entered an appearance on Graves' behalf.[6]

---

[5] On May 27, 2022, Graves sent additional correspondence challenging his recommitment, but because this correspondence issued more than 30 days after the mailing date of the Board's recommitment order, the Board did not consider it.  *See* Response to Admin. Remedies Form at 2; 37 Pa. Code § 73.1.

[6] The Board suggests that Graves' petition for review, docketed by this Court on August 2, 2022, was untimely filed.  *See* Board's Br. at 6-7.  Attached to Graves' petition for review are a cash slip with a handwritten date of July 13, 2022, stamped received July 21, 2022, and a letter dated July 26, 2022, from the Clerk of the Court of Common Pleas of Dauphin County, informing him that (1) the office was unable to accommodate his request, and (2) he should file his petition in this Court.  *See* Pet. for Rev., 8/4/22, at Ex. A, B; *cf.* Pa.R.A.P. 751(a) (providing that if an appeal is taken in a court which does not have jurisdiction, the court shall transfer the record to the proper court of this Commonwealth, "where the appeal or other matter shall be treated as if originally filed in transferee court on the date first filed in a court or magisterial district.").

"Under the prisoner mailbox rule, a prisoner's *pro se* appeal is deemed filed at the time it is given to prison officials or put in the prison mailbox.  At the heart of the 'prisoner mailbox rule' are the constitutional notions of due process and fundamental fairness." *See Kittrell v. Watson*, 88 A.3d 1091, 1096 (Pa. Cmwlth. 2014).  However, according to the Board, the prisoner mailbox rule does not apply because Graves filed his petition in the trial court rather than this Court.  *See* Board's Br. at 6-7.  The Board is correct that Graves erroneously addressed his petition for review to the trial court.  However, his cash slip was timely received by the prison and the rule states that the appeal is deemed filed at the time it is given to *prison officials*.  *See Kittrell*, 88 A.3d at 1096. In light of the principles that underlie the rule, we will deem Graves' appeal timely filed despite this apparent error. *See, e.g.*, *id.*; *see also* 42 Pa.C.S. § 35103(a); *see also* Pa.R.A.P. 751(a).

## II. DISCUSSION[7]

Graves asserts that the Board erred in calculating his maximum sentence date. However, on November 21, 2023, Graves' maximum sentence date expired.

A case will be dismissed as moot if there exists no actual case or controversy. *Mistich v. Pa. Bd. of Prob. & Parole*, 863 A.2d 116, 119 (Pa. Cmwlth. 2004). This requires "(1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution." *Johnson v. Pa. Bd. of Prob. & Parole*, 300 A.3d 525, 527 (Pa. Cmwlth 2023) (citations omitted). The controversy must continue through "all stages of judicial proceedings, trial and appellate, and the parties must continue to have a 'personal stake in the outcome' of the lawsuit." *See id.* Courts will not enter judgments or decrees to which no effect can be given.[8] *Mistich*, 863 A.2d at 119.

"[I]t is well settled that the expiration of a parolee's maximum term renders an appeal from the Board's [revocation or recommitment] order moot." *Johnson*, 300 A.3d at 528 (finding petitioner's appeal from recommitment order moot); *see also Rhines v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 361 C.D. 2020, filed June 9, 2021), 2021 WL 2350902, (noting that it is well settled that

---

[7] Our standard of review is limited to determining whether the Board committed an error of law, whether its findings are supported by substantial evidence, and whether its decision violated constitutional rights. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013); *see also* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

[8] Exceptions, inapplicable here, may be found where "(1) the conduct complained of is capable of repetition yet likely to evade judicial review; (2) the case involves issues of great public importance; or (3) one party will suffer a detriment in the absence of a court determination." *Johnson*, 300 A.3d at 527 (citations omitted).

4

expiration of a parolee's maximum term renders an appeal from the Board's revocation order moot); *Jackson v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 170 C.D. 2020, filed Nov. 19, 2020), 2020 WL 6799149.[9]  This is because "[i]t is well settled that an appeal will be dismissed when the occurrence of an event renders it impossible for the court to grant the requested relief." *See Taylor v. Pa. Bd. of Prob. & Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000).

Instantly, Graves' original maximum sentence date was December 7, 2016.  Following technical violations, Graves was recommitted then reparoled on February 12, 2014, with 1029 days remaining on his original sentence.  Graves was arrested on October 16, 2014, but his state charges were withdrawn on August 12, 2015, after the institution of federal charges.  Graves did not post bail on the federal charges.  Therefore, while held awaiting federal trial, Graves was due no credit towards his original sentence.[10]  He became available to serve his original sentence on November 22, 2021, after completing his federal sentence.  Following his recommitment in Pennsylvania, Graves was awarded 300 days of pre-sentence confinement, leaving 729 days on his original sentence.  Therefore, his new maximum sentence date was November 21, 2023.

There is no evidence in the certified record to show that Graves has committed any additional crimes or that new criminal charges were brought against

---

[9] This Court's memorandum opinions may only be cited "for [their] persuasive value, but not as binding precedent."  Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).  This Court cites to the unreported cases herein for their statements of the relevant law.

[10] *See*, *e.g.*, *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980) (if parolee remains incarcerated prior to trial because he has failed to satisfy bail requirements on new criminal charges, then time spent in custody shall be credited to his new sentence).

him that could further extend his maximum sentence date. Indeed, it appears that Graves is no longer in the custody and control of the Commonwealth.[11]

On this record, we conclude that Graves cannot establish an ongoing case or controversy. *See Johnson*, 300 A.3d at 527. Any judgment entered would be without effect. *See Mistich*, 863 A.2d at 119.

### III. CONCLUSION

For the foregoing reasons, we dismiss the appeal as moot.

LORI A. DUMAS, Judge

---

[11] *See* Inmate Locator, Pa. Dep't of Corr., http://inmatelocator.cor.pa.gov (last visited Jan. 8, 2024).

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shaun L. Graves,                              :
                Petitioner          :
                               :
                               :   No. 823 C.D. 2022
               v.                       :
                               :
Pennsylvania Parole Board,                   :
                Respondent          :

## **O R D E R**

AND NOW, this 9th day of January, 2024, the Petition for Review filed by Shaun L. Graves on August 4, 2022, from the decision of the Pennsylvania Parole Board entered June 22, 2022, is DISMISSED as moot.

 

                                   _____
                                   LORI A. DUMAS, Judge