# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Gonzalez,                          :
                           Petitioner    :
                                     :
        v.    :  No. 924 C.D. 2022
                                     :  Submitted: April 28, 2023
Pennsylvania Parole Board,               :
                    Respondent    :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                            FILED:  April 10, 2024

Jose Gonzalez (Petitioner) has petitioned this Court to review a decision of the Pennsylvania Parole Board (Board), mailed August 2, 2022, which denied his request for administrative relief. Additionally, Kent D. Watkins, Esq. (Counsel), Petitioner's court-appointed counsel, has filed an application to withdraw,[1] asserting this appeal lacks merit. After careful review, we dismiss as moot the petition and grant Counsel's application to withdraw.

## I. BACKGROUND

In March 2017, Petitioner entered guilty pleas to drug-related charges and received a sentence of 1 year, 10 months, and 15 days to 5 years of incarceration, with a maximum sentence date of March 23, 2022. *See* Sentence Status Summ., 6/30/17. The sentencing court subsequently modified his sentence to reflect credit for time served and revised his maximum sentence date to February 11, 2021. *See*

---

[1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

Sentence Status Summ., 8/3/17. Petitioner was paroled on December 26, 2017. *See* Parole Order, 10/17/17.

On May 5, 2018, Petitioner was arrested on new drug charges, and the Board issued a detainer. *See* Warrant, 5/5/18; *see also* Phila. Police Dep't Arrest Report, 5/6/18. Petitioner waived his right to counsel and a revocation hearing. *See* Waiver, 5/22/18. On June 6, 2018, the Board recommended Petitioner be detained pending the disposition of his new criminal charges. *See* Prelim. Detention Hr'g Report, 6/6/18. Subsequently, Petitioner was released from detention. *See* Order to Release From Temporary Detention, 1/14/19.

On September 2, 2020, Petitioner was arrested on firearms-related charges, and the Board issued a detainer. *See* Warrant, 9/1/20; Not. of Charges and Hr'g, 9/8/20. Petitioner again waived his right to counsel and a detention hearing. *See* Waiver, 9/8/20. The Board recommended that Petitioner be detained pending disposition of his criminal charges. *See* Detention Hr'g Report, 9/24/20; Not. of Bd. Dec., 9/30/20. Subsequently, Petitioner was released from detention. *See* Order to Release From Temporary Detention, 2/4/21.

The Board issued a warrant and detainer on July 6, 2021. *See* Warrant, 7/6/21. On July 10, 2021, Petitioner was convicted of the firearms offenses and sentenced to 11½ months to 23 months of incarceration. *See* Not. of Charges & Hr'g, 10/27/21. Petitioner waived his right to counsel at his parole revocation hearing. *See* Waiver, 10/27/21.

The Board recommended revoking Petitioner's parole and recommitting him as a convicted parole violator (CPV). *See* Revocation Hr'g Report, 11/11/21. On December 28, 2021, the Board recommitted Petitioner as a CPV. *See* Order, 12/28/21. The Board recalculated his maximum sentence date to

January 31, 2024. *See id.* The Board mailed notice of Petitioner's recommitment on December 30, 2021. The recommitment advised Petitioner that he had thirty days to file an appeal and that if he desired an attorney, he would need to contact the public defender's office directly. *See* Not. of Bd. Dec., 12/30/21.

On January 10, 2022, Petitioner *pro se* filed a request for administrative relief with the Board. *See* Correspondence, 1/10/22. On February 28, 2022, Petitioner *pro se* filed an application for parole. *See* Parole Appl., 2/28/22. On March 23, 2022, Counsel entered his appearance on Petitioner's behalf. *See* Correspondence, 3/23/22. On March 29, 2022, and June 22, 2022,[2] Petitioner sent additional *pro se* administrative remedies forms to the Board, attempting to challenge the recommitment order.

On August 2, 2022, the Board responded to the administrative remedies form. *See* Resp. to Correspondence & Admin. Remedies Form, 8/2/22. The Board noted that Petitioner's correspondences postmarked February 28, 2022, March 29, 2022, and June 22, 2022, would not be considered as they were filed beyond the 30-day period provided by regulation. *See id.* (citing 37 Pa. Code § 73.1). The Board affirmed its earlier decision. *See id.* at 1-2.

Specifically, the Board noted that the recalculation of Petitioner's maximum date of incarceration did not violate any constitutional provisions, including double jeopardy; the Prisons and Parole Code, 61 P.S. §§ 101-3701, authorizes the Board to recalculate maximum dates of CPVs to reflect that they received no credit for time spent at liberty on parole. *See id.* Further, Petitioner had constructive notice of this potential penalty via the statute, as well as the ability to

---

[2] Pursuant to the "prisoner mailbox rule," *pro se* legal filings of prisoners are deemed filed on the date they are "given to prison officials or put in the prison mailbox." *See Kittrell v. Watson*, 88 A.3d 1091, 1096 (Pa. Cmwlth. 2014).

3

challenge the recalculation decision. *See id.* Additionally, the Board noted that the decision to grant or deny a CPV credit for time spent at liberty on parole is purely discretionary so long as the Board articulates the reason for its decision. *See id.* Instantly, Petitioner was denied credit for this time because his new conviction involved firearms offenses. *See id.*

Petitioner, through Counsel, timely petitioned this Court for review of the Board's decision. *See* Pet. for Rev., 8/30/22. On December 2, 2022, Counsel filed a *Turner/Finley* letter and accompanying application to withdraw as counsel, asserting that the appeal was without merit. *See Turner/Finley* Letter, 12/2/22. On December 7, 2022, this Court issued an order advising Petitioner of his right to obtain substitute counsel at his own expense or file a brief on his own behalf. *See* Order, 12/7/22. On December 22, 2022, Petitioner filed a *pro se* response to Counsel's *Turner/Finley* letter, attempting to argue the merits of his appeal and averring that he no longer wished to be represented by counsel. *See generally* Pet'r's Br., 12/22/22.

On January 18, 2023, the Board filed an application for relief, requesting that this Court stay the briefing schedule pending the resolution of Counsel's petition to withdraw. *See* Appl. for Relief, 1/18/23, at 1. According to the Board, Petitioner's *pro se* response constituted prohibited hybrid representation. *See id.* On January 23, 2023, this Court granted the Board's application and stayed the Board's obligation to brief, pending the resolution of Counsel's petition to withdraw. Thereafter, on May 1, 2023, this Court then directed the submission of the matter to a panel for a merits review on the briefs. As of that date, the Board had not filed a brief.[3]

---

[3] Prior to addressing the merits of the *Turner/Finley* letter, we note the following regarding the Board's application for a stay. The premise of the Board's application was that Petitioner's

4

## II. *TURNER/FINLEY* REQUIREMENTS

We first consider whether Counsel's application to withdraw complies with the *Turner*/*Finley* requirements. A *Turner*/*Finley* letter must detail "the nature and extent of counsel's diligent review of the case, listing the issues [that] the petitioner wants . . . reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw." *Zerby*, 964 A.2d at 960 (citation omitted).

Further, counsel must "also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Id.* (citation

*pro se* response to the *Turner*/*Finley* letter constitutes hybrid representation, which is prohibited. *See* Appl. for Relief, 1/18/23, at 1. This is plainly incorrect. It has long been recognized that the prohibition against hybrid representation is inapplicable in the *Turner*/*Finley* context. *See Commonwealth v. Friend*, 896 A.2d 607, 615 n.12 (Pa. Super. 2006); *see also Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018) (while Superior Court decisions are not binding on this Court, they offer persuasive precedent where they address analogous issues). Indeed, required procedure after filing a *Turner*/*Finley* letter involves advising the petitioner of his right to proceed *pro se*. *See Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (counsel must advise petitioner of the right to proceed *pro se* or by new counsel). For this reason, we believe that the Order staying the Board's briefing obligation was incorrectly issued.

Upon filing an application to withdraw, the relationship between a petitioner and appointed counsel is broken, and a petitioner must be permitted to proceed *pro se*. In our view, a respondent should not be relieved of its briefing obligations yet may exercise discretion and professional judgment. The Board may voice its agreement with Counsel's analysis and/or refute the *pro se* arguments of the petitioner. Alternatively, the Board may simply inform the Court that it will forego submitting a brief.

During the stay of the Board's briefing obligations, the Court also issued an order suggesting that we would address the merits of the petition for review without the benefit of briefing from the Board. *See* Order, 5/1/23. The Order states, "appointed counsel's application for leave to withdraw as counsel shall be submitted on briefs, along with the merits of the Petition for Review, without oral argument, unless otherwise ordered." *Id.* To be clear, if the Court discerns potential merit in issues raised by a petitioner, we will deny the application to withdraw and direct appointed counsel to file a merits brief. *Zerby*, 964 A.2d at 960; *see, e.g.*, *Hughes v. Pa. Bd. of Prob & Parole*, 977 A.2d 19, 27 (Pa. Cmwlth. 2009) (concluding that the Board's iterative rulings may have deprived a petitioner of a meaningful opportunity to challenge those rulings and, therefore, denying an application to withdraw). Of course, the Court would then issue a briefing schedule, and the Board would have an opportunity to respond.

omitted). If counsel satisfies these technical requirements, we must then conduct our own review of the merits of the case. *Id.* If we agree that the claims are without merit, we will permit counsel to withdraw and deny relief. *Id.*

Upon review, we conclude that Counsel has satisfied the technical requirements of *Turner/Finley*. Counsel discussed the nature of his review, identified the issues raised in Petitioner's administrative appeal—namely, the calculation of his maximum date following his recommitment to Pennsylvania state custody—and explained why those issues lack merit. *See id.*

Counsel sent a copy of the brief and application to withdraw to Petitioner and advised him of his right to proceed *pro se* or with new counsel. *See Turner/Finley* Letter at 1-9; Certificate of Service, 12/2/22. Petitioner has filed a *pro se* response.

### III. DISCUSSION[4]

Petitioner asserts that the Board erred in calculating his maximum sentence date. However, on January 31, 2024, Petitioner's maximum sentence date expired.

"[I]t is well settled that the expiration of a parolee's maximum term renders an appeal from the Board's revocation order moot." *Johnson v. Pa. Bd. of Prob. & Parole*, 300 A.3d 525, 528 (Pa. Cmwlth. 2023); *see also Rhines v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 361 C.D. 2020, filed June 9, 2021), 2021 WL

---

[4] Our standard of review is limited to determining whether the Board committed an error of law, whether its findings are supported by substantial evidence, and whether its decision violated constitutional rights. *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013); *see also* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

2350902; *Jackson v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 170 C.D. 2020, filed Nov. 19, 2020), 2020 WL 6799149.[5]

A case will be dismissed as moot if there exists no actual case or controversy. *Mistich v. Pa. Bd. of Prob. & Parole*, 863 A.2d 116, 119 (Pa. Cmwlth. 2004). This requires "(1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution." *Johnson*, 300 A.3d at 527 (citations omitted). The controversy must continue through "all stages of judicial proceedings, trial and appellate, and the parties must continue to have a 'personal stake in the outcome' of the lawsuit." *See id.* Courts will not enter judgments or decrees to which no effect can be given.[6] *Mistich*, 863 A.2d at 119.

Instantly, Petitioner's original maximum sentence date was February 11, 2021. He was paroled on December 26, 2017, with 1143 days remaining on his original sentence. At the time of his recommitment as a CPV, he was credited with 254 days spent in confinement, as well as one day of backtime, which resulted in a total of 888 days remaining on his original sentence. Therefore, his new maximum sentence date was January 31, 2024.

---

[5] This Court's memorandum opinions may only be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). This Court cites to the unreported cases herein for their persuasive value.

[6] Exceptions, inapplicable here, may be found where "(1) the conduct complained of is capable of repetition yet likely to evade judicial review; (2) the case involves issues of great public importance; or (3) one party will suffer a detriment in the absence of a court determination." *Johnson*, 300 A.3d at 527 (citations omitted).

There is no evidence in the certified record to show that Petitioner has committed any additional crimes or that new criminal charges were brought against him that could further extend his maximum sentence date. Indeed, it appears that Petitioner is no longer in the custody and control of the Commonwealth.[7]

On this record, we conclude that Petitioner cannot establish an ongoing case or controversy. *See Johnson*, 300 A.3d at 527. Any judgment entered would be without effect. *See Mistich*, 863 A.2d at 119.

## IV. CONCLUSION

For the foregoing reasons, we dismiss as moot the petition for review and grant Counsel's application to withdraw.

LORI A. DUMAS, Judge

---

[7] *See* Inmate Locator, Pa. Dep't of Corr., http://inmatelocator.cor.pa.gov (last visited Apr. 9, 2024).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Gonzalez,  :
           Petitioner  :
                    :
           v.  :    No. 924 C.D. 2022
                    :
Pennsylvania Parole Board,  :
           Respondent  :

## **O R D E R**

AND NOW, this 10th day of April, 2024, the petition for review filed by Jose Gonzalez is DISMISSED AS MOOT, and the application by Kent D. Watkins, Esq., to withdraw as counsel is GRANTED.

_____
LORI A. DUMAS, Judge