IN THE COMMONWEALTH COURT OF PENNSYLVANIA


Donte Mosley,                          :
                    Petitioner         :
                                       :
        v.                             :   No. 357 C.D. 2023
                                       :   Submitted: March 8, 2024
                                       :
Pennsylvania Parole Board,             :
                                       :
                    Respondent         :



BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED: May 21, 2024


        Donte Mosley (Parolee) petitions for review from an order of the
Pennsylvania Parole Board (Board) that denied his request for administrative review
challenging the calculation of his parole violation maximum date. Also before us is
an application to withdraw as counsel filed by Parolee's court-appointed attorney,
Kent D. Watkins, Esquire (Counsel), on the ground that Parolee's appeal is without
merit. We dismiss Parolee's petition for review, and Counsel's application for leave
to withdraw, as moot.

In April 2019, Parolee pleaded guilty to five counts of possession with intent to deliver (PWID), one count of perjury, and one count of escape. Certified Record (C.R.) at 1-2. On April 16, 2019, he was sentenced to a term of two to four years in prison. *Id.* at 1-2, 8. Parolee's original maximum sentence date was April 1, 2023. *Id.* at 2.

On April 12, 2021, the Board released Parolee on parole. C.R. at 8. On November 18, 2021, while on parole, Parolee was arrested and charged with driving under the influence (DUI), unlawful possession of a controlled substance, and other offenses stemming from the new arrest. *Id.* at 25-28. The Board issued a warrant to commit and detain Parolee for parole violations the same day. *Id.* at 20. The Board's warrant was modified on February 2, 2022, to commit and detain Parolee as a technical parole violator (TPV) for up to six months for violating a condition of his parole by leaving the district without permission. *Id.* at 17-19. The Delaware County Court of Common Pleas set bail at $75,000, and later reduced it to $5,000 on March 23, 2022. *Id.* at 59. Parolee was confined at the Delaware County Prison pending disposition of the new criminal charges until he posted bail on May 16, 2022. *Id.* at 58-59.

On September 6, 2022, Parolee pled guilty to the DUI and unlawful possession charges and was sentenced to a maximum term of 23 months' incarceration to be served in Delaware County Prison with credit for time served from his arrest on November 18, 2021, to when he posted bail on May 16, 2022. C.R. at 27. Parolee was paroled from that sentence the same day. *Id.* at 98. On October 11, 2022, Parolee returned to the State Correctional Institution (SCI) at Frackville, pending parole violator status. *Id.* at 58. As a result of the new conviction, the Board charged Parolee as a convicted parole violator (CPV). *Id.* at

22. Parolee waived his right to a panel hearing on November 4, 2022. *Id.* at 24. A revocation hearing was held by a parole agent at SCI-Frackville on November 23, 2022. *Id.* at 29-44. The parole agent issued a hearing report determining that Parolee should be recommitted as a CPV based on the new convictions. *Id.* at 45-56. On November 28, 2022, the Board revoked Parolee's parole as indicated by the second signature on the hearing report. *Id.* at 56.

By revocation decision mailed December 2, 2022, the Board recommitted Parolee to serve six months' backtime as a CPV, concurrent with the six months' backtime ordered on February 2, 2022, as a TPV. C.R. at 89-90. The Board calculated his new maximum sentence date as September 27, 2023. *Id.* at 89-90. The Board awarded credit for all time spent at liberty on parole. *Id.* at 50, 87.

Parolee filed two administrative remedies forms on December 9 and December 16, 2022, arguing that the Board failed to give him credit for all time served and miscalculated his maximum sentence date. C.R. at 91-93. Counsel also filed an administrative remedies form on Parolee's behalf on December 19, 2022, that raised the same arguments. *Id.* at 95. By decision mailed March 27, 2023, the Board denied Parolee's requests for administrative review upon determining that the Board did not miscalculate his maximum date and affirmed its recommitment decision. *Id.* at 97-98. From this decision, Counsel filed a petition for review on Parolee's behalf asserting that the Board's December 2, 2022 decision miscalculated Parolee's new maximum date by failing to credit all time served exclusively to its warrant.[1] Shortly thereafter, Counsel filed an application to withdraw as counsel

---

[1] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; **(Footnote continued on next page…)**

along with a no-merit letter based on his belief that Parolee's appeal is without merit.[2]

Parolee's maximum sentence date expired September 27, 2023. C.R. at 87. Because Parolee's maximum term has expired and he is no longer under the custody and control of the Commonwealth, we dismiss his petition for review as moot. A case will be dismissed as moot if there exists no actual case or controversy. *Mistich v. Pennsylvania Board of Probation and Parole*, 863 A.2d 116, 119 (Pa. Cmwlth. 2004). This requires:

> (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution.

*Johnson v. Pennsylvania Parole Board*, 300 A.3d 525, 527 (Pa. Cmwlth. 2023) (citations omitted). The controversy must continue through "all stages of judicial proceedings, trial and appellate, and the parties must continue to have a 'personal stake in the outcome' of the lawsuit." *See id.* Absent narrow exceptions inapplicable here, courts will not enter judgments or decrees to which no effect can be given.

---

*Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

[2] Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), referred to as an *Anders* brief, that (i) provides a summary of the procedural history and facts, with citations to the record; (ii) refers to anything in the record that counsel believes arguably supports the appeal; (iii) sets forth counsel's conclusion that the appeal is frivolous; and (iv) states counsel's reasons for concluding that the appeal is frivolous. *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009 (*en banc*). Where, as here, the petitioner has only a statutory, rather than a constitutional, right to counsel, appointed counsel may submit a no-merit letter instead of an *Anders* brief. *Hughes*, 977 A.2d at 25-26.

4

*Mistich*, 863 A.2d at 119.  The expiration of a parolee's maximum term renders an appeal from the Board's revocation order moot.  *Taylor v. Pennsylvania Board of Probation and Parole*, 746 A.2d 671, 674 (Pa. Cmwlth. 2000); *Johnson*, 300 A.3d at 528.

Here, there is no evidence in the Certified Record to show that Parolee has committed any additional crimes or that new criminal charges were brought against him that could further extend his maximum sentence date.  To the contrary, it appears Parolee is no longer under the custody or control of the Commonwealth.[3] We conclude that Parolee cannot establish an ongoing case or controversy and that any judgment entered would be without effect.  *See Johnson*, 300 A.3d at 527; *Mistich*, 863 A.2d at 119.  Therefore, we must dismiss this case as moot.  *See Johnson*, 300 A.3d at 528; *Mistich*, 863 A.2d at 119.[4]

---

[3]  *See Inmate Locator*, Pennsylvania Department of Corrections, http://inmatelocator.cor.pa.gov (last visited May 20, 2024).

[4] Moreover, even if not deemed to be moot, we would grant Counsel's application to withdraw as counsel and affirm the Board's order.  An attorney seeking to withdraw as appointed counsel must conduct a zealous review of the case and submit a no-merit letter to this Court detailing the nature and extent of counsel's diligent review of the case, listing the issues the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.  *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes*, 977 A.2d at 24-26; *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009).  The no-merit letter must include "'substantial reasons for concluding that a petitioner's arguments are meritless.'"  *Zerby*, 964 A.2d at 962 (quoting *Jefferson v. Pennsylvania Board of Probation and Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998)).

In addition, court-appointed counsel who seeks to withdraw representation must: (1) notify the petitioner of the request to withdraw; (2) furnish the petitioner with a copy of a brief or no-merit letter; and (3) advise the petitioner of his right to retain new counsel or raise any new points that he might deem worthy of consideration.  *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 22.  If counsel satisfies these technical requirements, this Court must then conduct an independent review of the merits of the case.  *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 25.  If this Court **(Footnote continued on next page…)**

Upon review, Counsel's no-merit letter satisfies the technical requirements of *Turner*. Counsel states that he conducted an exhaustive examination of the Certified Record and researched the applicable case law. He set forth a procedural history of the case and the basis for the appeal. Counsel noted that the sole issue that may be raised in this appeal is the propriety of the Board's December 2, 2022 decision, which deleted the reparole portion and computed a maximum date of September 27, 2023. Counsel provided a thorough analysis as to why this issue lacks merit, complete with citations to the Certified Record and the relevant case law.

Based on his review, Counsel concluded that Parolee's appeal to this Court is without merit, and he requested permission to withdraw as counsel. Counsel provided Parolee with a copy of the no-merit letter and his request to withdraw. He advised Parolee of his right to retain new counsel or proceed by representing himself. Because we are satisfied that Counsel discharged his responsibility in complying with the technical requirements to withdraw from representation, we shall conduct an independent review to determine whether Parolee's petition for review lacks merit.

Parolee claims that the Board miscalculated his new parole violation maximum date by failing to give credit for all time served exclusively to its warrant. Section 6138(a)(5) of the Prisons and Parole Code (Parole Code) governs parole violations for convicted violators providing, in pertinent part:

> (5) If a new sentence is imposed on the offender, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.
>
> (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.
>
> (iii) *In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.*

**(Footnote continued on next page…)**

6

61 Pa. C.S. §6138(a)(5) (emphasis added).

Section 6138(a)(5) of the Parole Code provides that a CPV who was released from an SCI and receives a new sentence to be served in a county facility must serve the new sentence first. The Board "may not impose backtime to run concurrently with a new sentence for an offense committed while on parole." *Palmer v. Pennsylvania Board of Probation and Parole*, 134 A.3d 160, 165 (Pa. Cmwlth. 2016) (citations omitted). Parolee was released from an SCI and received a new sentence to be served in a county facility. The sentences did not run concurrently, and under Section 6138(a)(5) of the Parole Code, he began serving the new sentence first. Further, as a general rule, where "a defendant . . . remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence." *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980); *see also Woodard v. Pennsylvania Board of Probation and Parole*, 582 A.2d 1144, 1147 (Pa. Cmwlth. 1990) (citation omitted). As noted by our Supreme Court in *Gaito*, "if a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence." *Gaito*, 412 A.2d at 571.

Here, Parolee argues that he is entitled to credit towards his original sentence from his arrest on November 18, 2021, to when he posted bail on May 16, 2022. The Board correctly determined that he was not entitled to credit towards his original sentence for that period because he failed to post bail on the new criminal charges, and the Department of Corrections (DOC) did not hold him solely on the Board's warrant. C.R. at 98. As the Board noted, Parolee was given credit towards his original sentence for the period from May 16, 2022, to September 6, 2022, because he posted bail on the new criminal charges, "and was therefore solely held on the [Board's] warrant." *Id.* The Board properly applied the correct amount of backtime to the original sentence. *Gaito*, 412 A.2d at 571.

In sum, Parolee was released on parole on April 12, 2021, with a maximum sentence date of April 1, 2023, which left an unserved balance of 719 days on his sentence. C.R. at 87. The Board awarded credit for all 220 days spent at liberty on parole from April 12, 2021, to November 18, 2021. *Id.* The Board also awarded 113 days of backtime from when Parolee posted bail on May 16, 2022, to his sentencing on September 6, 2022. *Id.* Subtracting the 220 days awarded for time spent at liberty on parole and 113 days for backtime from the unserved balance of 719 days leaves 386 days left unserved on the original sentence. *Id.* Adding the unserved balance on his original sentence of 386 days to when he became available to commence service of his original sentence on September 6, 2022, results in a new maximum sentence date of September 27, 2023. Upon review, we would find that the Board did not err in calculating Parolee's maximum date and agree with Counsel that Parolee's claims are without merit.

Accordingly, we dismiss as moot the petition for review and the application to withdraw as counsel that were filed in this case.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donte Mosley,                           :
                        Petitioner      :
                                        :
        v.                              :  No. 357 C.D. 2023
                                        :
                                        :
Pennsylvania Parole Board,              :
                                        :
                        Respondent :


**O R D E R**


        AND NOW, this 21st day of May, 2024, the petition for review and the application to withdraw as counsel filed in the above-captioned matter are DISMISSED as moot.


                        _____
                        MICHAEL H. WOJCIK, Judge