# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephen J. Szabo and Mary B. Szabo, : 
                 Appellants : 
                  : 
              v. : No. 1380 C.D. 2018 
                  : Argued: May 6, 2019 
Commonwealth of Pennsylvania, : 
Department of Transportation : 


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION
BY PRESIDENT JUDGE LEAVITT                 FILED: June 19, 2019

       Stephen J. and Mary B. Szabo (Szabos) appeal an order of the Court of Common Pleas of Washington County (trial court) sustaining the preliminary objections of the Pennsylvania Department of Transportation (PennDOT) to their petition for the appointment of a board of viewers to compensate them for PennDOT's *de facto* taking of their property in a road project.[1] On appeal, the Szabos contend that the trial court erred in dismissing their petition without holding an evidentiary hearing. In addition, PennDOT has filed a motion to dismiss the Szabos' appeal as moot. It contends that the Szabos' claims have been raised in prior litigation and will be decided in the remand evidentiary hearing ordered by the Pennsylvania Supreme Court in *Szabo v. Department of Transportation*, 202 A.3d 52 (Pa. 2019) (*Szabo II*). For the reasons to follow, we grant PennDOT's motion to dismiss the Szabos' appeal as moot.

---

[1] Section 502(c) of the Eminent Domain Code permits an owner of a property interest, whose interest has been condemned without the filing of a declaration of taking, to petition for the appointment of a board of viewers to determine the just compensation. 26 Pa. C.S. §502(c).

## Background

The Szabos own real property located at 3101 Washington Road in Peters Township, Washington County, adjacent to State Route 19, which PennDOT is expanding. On April 19, 2018, the Szabos filed a petition for appointment of a board of viewers docketed at Civil Division No. 2018-1911 (*De Facto* Petition), which alleged that PennDOT's project effected a *de facto* taking of a portion of their real property. This was the Szabos' second petition for appointment of a board of viewers relating to PennDOT's State Route 19 project. We begin, accordingly, with a review of the litigation that preceded the filing of the *De Facto* Petition.[2]

On January 10, 2013, PennDOT filed a declaration of taking (Declaration) to condemn a portion of property owned by the Szabos for the expansion of State Route 19. PennDOT's Declaration included a plan that identified part of Parcel No. 5, which the Szabos owned, as subject to the condemnation. The Szabos did not file preliminary objections to PennDOT's Declaration because they did not object to the condemnation of Parcel No. 5. When the Szabos and PennDOT were unable to agree on the amount of compensation for this taking, the Szabos filed a petition for appointment of a board of viewers at Civil Action No. 2013-7608 (*De Jure* Petition). The trial court appointed a board of viewers.

In the months following the appointment of the board of viewers, PennDOT began construction on its State Route 19 expansion. During the construction, PennDOT's contractors entered onto portions of the Szabos' property not identified in the plan filed with PennDOT's Declaration. The Szabos had a title search done and their property surveyed. By comparing the survey results with the

---

[2] This recital of the history of this litigation is derived from Paragraphs 5 and 6 of the Szabos' *De Facto* Petition.

Declaration's plans, the Szabos discovered that portions of their property, *i.e.*, Parcels No. 1 and 9, had been erroneously identified on the Declaration as owned by other persons.

In response to this discovery, the Szabos filed a "Petition for Evidentiary Hearing," contending that the plans attached to the Declaration were incorrect. They docketed this petition in the *de jure* proceeding at Civil Action No. 2013-7608. Supplemental Reproduced Record at 1b-8b (S.R.R. __). The petition sought a hearing to determine the precise real property that PennDOT condemned for the road project and the true owners thereof. PennDOT opposed the request, arguing that the trial court lacked jurisdiction because the Szabos had not filed timely preliminary objections to its Declaration. The trial court agreed with PennDOT and denied the Szabos' petition for an evidentiary hearing. The Szabos sought permission to appeal the trial court's order, which this Court granted.

This Court reversed the trial court and remanded the matter for an evidentiary hearing to determine what property was subject to the taking and the proper compensation therefor. *Szabo v. Department of Transportation*, 159 A.3d 604 (Pa. Cmwlth. 2017) (*Szabo I*). This Court concluded that because the Declaration did not accurately identify the property to be condemned, it did not provide effective notice. PennDOT petitioned the Pennsylvania Supreme Court for allowance of appeal, which was granted as to the following two questions:

> (1) By failing to file preliminary objections pursuant to section 306 of the Eminent Domain Code, 26 Pa. C.S. [§]306, did [the Szabos] waive their right to assert ownership and seek additional just compensation for the condemnation of two parcels which were allegedly mistakenly depicted as belonging to two other legal entities in plans attached to the declaration of taking?

3

(2) Did [PennDOT's] alleged mistake in the plans attached to a declaration of taking [] constitute the failure to adequately establish the extent or effect of the taking, thereby excusing [the Szabos] from filing preliminary objections under section 306 of the [Eminent Domain Code]….

*Szabo II*, 202 A.3d at 58.

On February 20, 2019, the Supreme Court affirmed this Court. It concluded that although the Declaration informed the Szabos of the taking of part of Parcel No. 5, it did not advise them that other property owned by the Szabos would be taken. The Supreme Court stated that

[a]lthough harmless procedural irregularities "will not set aside a condemnation decision," *Norberry One Condominium Association v. PennDOT*, 805 A.2d 59, 67 (Pa. Cmwlth. 2002), the procedural defect here went to the "heart of a declaration of taking." [*West Whiteland v. Department of Transportation*, 690 A.2d 1266, 1269 (Pa. Cmwlth. 1997)]. By inadequately identifying the extent or effect of the taking, [PennDOT] misled the Szabos and denied them an opportunity to secure just compensation.

*Szabo II*, 202 A.3d at 64. The Supreme Court directed an evidentiary hearing by the trial court "to determine the property interests affected by [PennDOT's] taking, and the board of viewers can determine the proper compensation for that property." *Id.*

While *Szabo II* was pending, the Szabos filed the instant *De Facto* Petition, which alleged a *de facto* taking of Parcels No. 1 and 9 as a result of PennDOT's road expansion project. PennDOT filed preliminary objections, asserting that this Court's decision in *Szabo I*, which granted the Szabos' Petition for an Evidentiary Hearing, gave the Szabos the very relief they requested in their *De Facto* Petition. PennDOT also contended that the trial court's consideration of the Szabos' new petition could "potentially undermine and usurp the judicial

4

authority of [the] Supreme Court." PennDOT Preliminary Objections at 4, ¶28; Reproduced Record at 51a (R.R. ___). The Szabos countered that their *De Jure* Petition dealt only with Parcel No. 5 and not Parcels No. 1 and 9.

On September 10, 2018, the trial court sustained PennDOT's preliminary objections and dismissed the *De Facto* Petition. The trial court explained:

> The ownership issues on appeal to the Supreme Court concern Parcels 1 & 9. Regardless of how the Supreme Court rules, its decision will directly impact ownership of Parcels 1 & 9. If [PennDOT] were [sic] to prevail in the appeal, the [Szabos] would not have any ownership interest in the parcels. If [PennDOT] does not prevail in the appeal, then the [Szabos] would be granted an evidentiary hearing to determine their ownership interest in the parcels. Consequently, conducting an evidentiary hearing in this proceeding about the [Szabos'] ownership interest[] in Parcels 1 & 9 would obviate the Supreme Court's []review and that is something that the trial court cannot do…. Although the trial court is mindful that [the *De Jure* petition] and [the *De Facto* petition] are separate actions, the issues are identical.

Trial Court 1925(a) Opinion, 11/30/2018, at 3-4; R.R. 149a-50a. The Szabos then filed this appeal.

## Appeal

On appeal,[3] the Szabos raise two arguments. First, they argue that the trial court erred in dismissing their *De Facto* Petition without conducting an evidentiary hearing on the factual issues raised therein. Second, they argue that the trial court erred in holding that the *De Facto* Petition raised issues identical to those

---

[3] This Court's scope of review determines whether the trial court abused its discretion or committed an error of law and whether the trial court's factual findings are supported by substantial evidence. *Linde Enterprises, Inc. v. Lackawanna River Basin Sewer Authority*, 911 A.2d 658, 660 n.3 (Pa. Cmwlth. 2006).

pending before the Pennsylvania Supreme Court in *Szabo II*. For its part, PennDOT argues that the Szabos' appeal is moot in light of the Supreme Court's recent ruling in *Szabo II*.

**Motion to Dismiss Szabos' Appeal**

PennDOT has moved to dismiss the Szabos' appeal as moot.[4] PennDOT argues that the Supreme Court's ruling in *Szabo II* has granted the Szabos the very same relief that they seek in their *De Facto* Petition. It also asserts that the *De Facto* Petition is barred by collateral estoppel. In response, the Szabos assert that this appeal involves the *de facto* taking of Parcels No. 1 and 9. In contrast, the *de jure* proceeding involves the compensation to which they are entitled for the taking of Parcel No. 5.

Generally, courts do not decide moot issues. *Public Defender's Office of Venango County v. Venango County Court of Common Pleas*, 893 A.2d 1275, 1279 (Pa. 2006). A case is moot if there exists no actual case or controversy, and the controversy must continue at every stage of a judicial proceeding. *Mistich v. Pennsylvania Board of Probation and Parole*, 863 A.2d 116, 119 (Pa. Cmwlth. 2004). This Court has described "actual case or controversy" as follows:

> (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution.

---

[4] In the alternative, PennDOT requests that this Court hold the appeal in abeyance until the trial court conducts an evidentiary hearing in the *de jure* proceeding.

6

*Id.* A case is moot when a determination will not have any practical effect on the existing controversy. *Butler v. Indian Lake Borough*, 14 A.3d 185, 188 (Pa. Cmwlth. 2011).

The Szabos filed their *De Jure* Petition to have a board of viewers appointed to determine the amount of just compensation owed to them for the condemnation of their property. When the Szabos realized that the plans attached to the Declaration did not accurately depict the property affected by PennDOT's condemnation, they petitioned for an evidentiary hearing to determine "the extent and nature of the property interest condemned [in this matter] and the owners thereof." Petition for Evidentiary Hearing at ¶10; S.R.R. 5b.

In *Szabo II*, the Supreme Court considered whether the Szabos had "waive[d] their right to assert ownership and seek additional just compensation for the condemnation of two parcels which were allegedly mistakenly depicted as belonging to two other legal entities in plans attached to the declaration of taking[.]" *Szabo II*, 202 A.3d at 58. The litigation related to the true ownership of Parcels No. 1 and 9, which were identified in the Declaration as owned by persons other than the Szabos. The Supreme Court directed the trial court to "hold an evidentiary hearing to determine the property interests affected by the taking, and the board of viewers [to] determine the proper compensation for that property." *Id*. at 64.

We reject the Szabos' contention that the Supreme Court's directive does not moot the *De Facto* Petition. The trial court's remand hearing will determine ownership of all the property condemned for the State Route 19 project, which includes portions of Parcels No. 1 and 9. Thereafter, a board of viewers will determine the compensation due to the Szabos for all of their property interests taken

7

by the condemnor. In short, in *Szabo II* the Supreme Court gave the Szabos the very relief they seek in the *De Facto* Petition.

The Szabos' contention that *Szabo II* did not moot this appeal because their *De Jure* Petition was limited to Parcel No. 5 is unavailing. The Szabos' "Petition for Evidentiary Hearing" alleged that PennDOT's Declaration was inaccurate because

> *it fails to show the entire property owned by [the Szabos] prior to the condemnation*, and it depicts part of the property owned by [the Szabos] to be owned by two other legal entities. This error obviously makes a difference in the before and after area and effects (sic) the damages to be paid to [the Szabos] by [PennDOT].

Petition for Evidentiary Hearing at ¶7; S.R.R. 4b (emphasis added). To support their request for an evidentiary hearing, the Szabos argued that the trial court was "authorized to hold an evidentiary hearing when issues of fact arise which might establish a *de facto* taking, as [was] the case" with the Szabos' property interests. Szabo Brief to the Trial Court at 4; S.R.R. 37b. The Szabos further asserted that in the interests of judicial economy the trial court should determine "the damages caused by a *de jure* taking and the *de facto* taking … in one proceeding." *Id*. at 5; S.R.R. 38b. In sum, the Szabos' Petition for Evidentiary Hearing sought to enlarge the scope of the ongoing *de jure* proceeding[5] to cover the same issues raised in their subsequent *De Facto* Petition.

Alternatively, the Szabos argue that the ruling in *Szabo II* did not moot their *De Facto* Petition because they can recover fees and costs in a *de facto*

---

[5] In fact, in *Szabo II*, the Supreme Court noted that the Szabos argued "that PennDOT perpetrated a *de facto* taking of Parcels 1 and 9 when it did not include them in the *de jure* declaration of taking for Parcel 5 and identified them as being owned by other parties." *Szabo II*, 202 A.3d at 61.

proceeding that are not available in a *de jure* proceeding. In a *de facto* condemnation, "a judgment awarding compensation to the condemnee for the taking of property shall include reimbursement of reasonable appraisal, attorney and engineering fees and other costs and expenses actually incurred." Section 709 of the Eminent Domain Code, 26 Pa. C.S. §709. In a *de jure* condemnation, the condemnee's reimbursement for those same items is limited to $4,000. Section 710(a) of the Eminent Domain Code, 26 Pa. C.S. §710(a).[6]

In *Szabo II*, the Supreme Court held that PennDOT, "[b]y inadequately identifying *the extent or effect* of the taking," "misled the Szabos and denied them an opportunity to secure just compensation." *Szabo II*, 202 A.3d at 64 (emphasis added). Thus, the Supreme Court remanded the matter for the trial court to "hold an evidentiary hearing to determine the property interests affected by the taking, and the board of viewers can determine the proper compensation for that property." *Id.* Stated otherwise, whether Parcels No. 1 and 9 were condemned under the Declaration or taken *de facto*, the board of viewers will determine the proper compensation owed for the taking.[7] The fees and costs to be awarded to the Szabos,

---

[6] It states as follows:

> (a) General rule. – The owner of any right, title or interest in real property acquired or injured by an acquiring agency, who is not eligible for reimbursement of fees under section 306(g) (relating to preliminary objections), 308(d) (relating to revocation of condemnation proceedings) or 709 (relating to condemnee's costs where no declaration of taking filed), shall be reimbursed in an amount not to exceed $4,000 per property, regardless of right, title or interest, as a payment toward reasonable expenses actually incurred for appraisal, attorney and engineering fees, except where the taking is for an easement related to underground piping for water or sewer infrastructure, in which case the reimbursement is limited to $1,000, regardless of right, title or interest.

26 Pa. C.S. §710(a).

[7] Notably, in his concurring opinion, Justice Wecht observed that determining whether a *de facto* taking occurred with regard to the Szabos' land was "for the [trial court] on remand, as part of its

9

under any legal theory, is a matter for the trial court to decide on remand in *Szabo II*.

## Conclusion

The evidentiary hearing ordered by our Supreme Court in *Szabo II* will determine whether the Szabos own Parcels No. 1 and 9. At that point, a board of viewers will determine the just compensation owed to the Szabos for all property taken. For the above-stated reasons, this Court grants PennDOT's motion to dismiss the appeal as moot.

_____
MARY HANNAH LEAVITT, President Judge

---

fact-finding role in furtherance of the board of viewers' determination of just compensation." *Szabo II*, 202 A.3d at 73 n.8 (Wecht, J., concurring).

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stephen J. Szabo and Mary B. Szabo, :
                    Appellants :
                                         :
                                         :
        v.                        :  No. 1380 C.D. 2018
                                         :
Commonwealth of Pennsylvania, :
Department of Transportation :

## **O R D E R**

AND NOW, this 19th day of June, 2019, the appeal of Stephen J. Szabo and Mary B. Szabo in the above-captioned matter is dismissed as moot.

_____
MARY HANNAH LEAVITT, President Judge