IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : |
| In the interest of Union County, | : |
| Pennsylvania | : |
| | : No. 1583 C.D. 2023 |
| Appeal of: Martin R. Wilson | : Submitted: April 8, 2025 |

BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MATTHEW S. WOLF, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                   FILED:  May 2, 2025

        Before this Court is this Court's Rule to Show Cause (Rule) why this
matter should not be dismissed as moot.  After review, this Court dismisses the
appeal.

        On October 22, 2023, Union County (County)[1] District Attorney D.
Peter Johnson (DA Johnson) passed away a few weeks before completing his
seventh term in office.  Two days later, Martin R. Wilson (Appellant), an Assistant
County District Attorney, filed a Motion to Fill the Vacancy of District Attorney for
the County (Motion to Appoint), requesting the trial court to immediately appoint
First Assistant District Attorney Brian Kerstetter (First ADA Kerstetter) to fill the

_____

[1] The County is a seventh class county.

District Attorney vacancy pursuant to Section 1404(b) of The County Code,[2, 3] 16 P.S. § 1404(b).  First ADA Kerstetter, as first assistant district attorney at the time of DA Johnson's death, had assumed the District Attorney's duties by operation of law pursuant to Section 1421 of The County Code.[4]

---

[2] Formerly, The County Code, Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. § 101-3000.3903.  The County Code was repealed by Section 5(2) of the Act of May 8, 2024, P.L. 50, No. 14, effective July 8, 2024.  A similar act is now found in the codified County Code at 16 Pa.C.S. §§ 101-17509.  Because the repealed County Code was in effect at the relevant time, references herein to The County Code and citations thereto refer to the repealed County Code.

[3] Section 1404(b) of The County Code stated:

> If any vacancy shall occur in the office of district attorney in a county of the second class A through eighth class, the judges of the court of common pleas shall, upon a showing that the first assistant district attorney satisfies the requirements of [S]ection 1401 [of The County Code, 16 P.S. § 1401], appoint the first assistant district attorney to fill the office of district attorney and to discharge the duties of the district attorney until the first Monday in January following the next municipal election occurring not less than [90] days after the occurrence of the vacancy.  If the first assistant district attorney is unwilling or unable to serve or does not satisfy the requirements of [S]ection 1401 [of The County Code], the judges of the court of common pleas shall fill the vacancy by the appointment of a competent person who satisfies the requirements of [S]ection 1401 [of The County Code] to fill the office until the first Monday in January following the next municipal election occurring not less than [90] days after the occurrence of the vacancy.

16 P.S. § 1404.

[4] Section 1421 of The County Code provided:

> In all cases where more than one assistant district attorney is appointed, the district attorney shall designate one assistant as the first assistant.  The first assistant or the assistant district attorney where only one is appointed shall, in the absence of the district attorney from the jurisdiction or during the district attorney's disability to perform the duties of the office through sickness or other cause, be vested with all the duties, powers and privileges given by law to the district attorney, and generally, at such time, be empowered to do and perform all things in connection with the office which the district attorney may by law be entitled to do or perform.  In case of any incapacity of the district attorney or the first

In his Motion to Appoint, Appellant sought to have First ADA Kerstetter "immediately be given the Oath of Office of District Attorney" because he "meets all the statutory requirements of [Section] 1401" of The County Code (pertaining to qualifications, eligibility and compensation) to serve as the District Attorney. Reproduced Record (R.R.) at 3a. By October 27, 2023 order, the trial court denied the Motion to Appoint. Thereafter, Appellant filed a motion for reconsideration. The trial court granted the motion for reconsideration on November 6, 2023, and vacated the October 27, 2023 order.

On November 2, 2023, Appellant filed a motion requesting County President Judge Lori Hackenberg (President Judge Hackenberg) and County Judge Michael Piecuch (Judge Piecuch) to recuse themselves from this matter (Recusal Motion). In his Recusal Motion, Appellant accused those Judges of violating the Code of Judicial Conduct and claimed that recusal was required. On November 6, 2023, President Judge Hackenberg recused herself from the matter "upon further reflection," noting that "while this [trial c]ourt does not have any actual conflict of interest, the undersigned nonetheless recuses from this matter to avoid any appearance of conflict." R.R. at 25a.

In the November 7, 2023 general municipal election, First ADA Kerstetter was elected to a four-year term as County District Attorney to commence on January 1, 2024. On November 9, 2023, Judge Piecuch denied Appellant's Recusal Motion. On November 13, 2023, the trial court issued rules to show cause upon the Appellant and First ADA Kerstetter to address certain legal issues raised in the Motion to Appoint. *See* R.R. at 34a-35a. Appellant and First ADA Kerstetter

---

assistant, or both, any or all of such duties, powers and privileges may be done by such other assistant district attorneys, if any, as may be designated by the district attorney.

16 P.S. § 1421.

filed their answers to the rules to show cause on November 30 and December 1, 2023, respectively. In his answer, First ADA Kerstetter joined Appellant's Motion to Appoint and adopted the averments therein.

On December 6, 2023, at Appellant's request, the trial court scheduled an expedited evidentiary hearing to permit argument on the legal issues and to allow Appellant and First ADA Kerstetter to supplement the record in any way they deemed appropriate. That expedited hearing was held on December 12, 2023. On December 18, 2023, the trial court issued an order denying the Motion to Appoint. Appellant filed a notice of appeal in this Court on December 29, 2023. Appellant filed a Concise Statement of Errors Complained of on Appeal in accordance with Pennsylvania Rule of Appellate Procedure (Appellate Rule) 1925(b) on January 18, 2024. On February 27, 2024, the trial court issued its opinion pursuant to Appellate Rule 1925(a) (Appellate Rule 1925(a) Opinion). On April 25, 2024, First ADA Kerstetter filed an application to join Appellant's brief. On February 7, 2025, this Court issued the Rule. On February 21, 2025, Appellant filed his answer (Answer) thereto.

Initially,

> "[a] case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *Commonwealth v. Nava*, 966 A.2d 630, 632-33 (Pa. Super. 2009). Stated differently, "[a]n issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." *Id.* at 633.

*Chruby v. Dep't of Corr.*, 4 A.3d 764, 770-71 (Pa. Cmwlth. 2010). "[C]ourts will not decide moot questions[.]" *Cnty. of Fulton v. Sec'y of the Commonwealth*, 330 A.3d 481 (Pa. Cmwlth. 2024) (quoting *Pub. Def. Off. of Venango Cnty. v. Venango Cnty. Ct. of Common Pleas*, 893 A.2d 1275, 1279 (Pa. 2006)).

4

A case is moot if there exists no actual case or controversy, and the controversy must continue at every stage of a judicial proceeding. *Mistich v. P[a.] B[d.] of Prob[.] [&] Parole*, 863 A.2d 116, 119 (Pa. Cmwlth. 2004). This Court has described "actual case or controversy" as follows:

> (1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for a reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution.

*Id*.

*Szabo v. Dep't of Transp.*, 212 A.3d 1168, 1172 (Pa. Cmwlth. 2019).

> The cases presenting mootness problems involve litigants who clearly had standing to sue at the outset of the litigation. The problems arise from events occurring after the lawsuit has gotten under way - changes in the facts or in the law - which allegedly deprive the litigant of the necessary stake in the outcome. . . .

*Pap's A.M. v. City of Erie*, . . . 812 A.2d 591, 599-[]00 ([Pa.] 2002) (quoting []*In re Gross*, . . . 382 A.2d 116, 119 (Pa. 1978)).

*Slice of Life, LLC v. Hamilton Twp. Zoning Hearing Bd.*, 207 A.3d 886, 896-97 (Pa. 2019).

Appellant argues that this matter is not moot because the conflicted trial court Judges erroneously and improperly dismissed the Motion to Appoint, *sua sponte*, without a fact-finding hearing. Appellant further complains that he continues to be harmed by the trial court's refusal to appoint First ADA Kerstetter as the District Attorney, as said refusal has resulted in First ADA Kerstetter having

5

to perform the District Attorney's duties prior to the general municipal election without fair compensation.[5]

In the Motion to Appoint, Appellant does not seek recovery for the loss of remuneration on First ADA Kerstetter's behalf but, rather, only First ADA Kerstetter's "immediate[]" appointment to the position of District Attorney "so that [First ADA Kerstetter] can discharge the duties of the District Attorney until the first Monday in January following the next municipal election occurring not less than

---

[5] With respect to the alleged continuing harm arising from First ADA Kerstetter's loss of fair compensation, the trial court observed in its Appellate Rule 1925(a) Opinion:

> Appellant is Attorney **Martin Wilson**, who was an [A]ssistant [D]istrict [A]ttorney for [the] County at the time he filed the [M]otion to [A]ppoint. [] Appellant is representing himself according to the Commonwealth Court's Notice of Docketing Appeal [(Notice)] dated January 8, 2024. Although that Notice for some reason lists [First ADA] Kerstetter as the Appellee, [**First ADA**] **Kerstetter is not in fact a party** to this matter.

Appellate Rule 1925(a) Op. at 1 n.1 (emphasis added).

Although Appellant's Answer identifies First ADA Kerstetter as an "Aggrieved Party Pursuant to . . . [Appellate] Rule 501[,]" Answer at 1, First ADA Kerstetter was **not** a party to this litigation before the trial court. This Court has explained:

> [Appellate Rule] 501 states, in relevant part, that "[e]xcept where the right of appeal is enlarged by statute, any **party** who is aggrieved by an appealable order . . . may appeal therefrom." [Pa.R.A.P. 501.] While "party" is not defined in the [Appellate] Rules . . . , Section 102 of the Judicial Code defines the term as "[a] person **who commences or against whom relief is sought in a matter**. The term includes counsel for such a person who is represented by counsel." 42 Pa.C.S. § 102. As the [Pennsylvania] Supreme Court has held, "[t]**here is but one way to become a party litigant in a court and that is by appearing in the proceedings**." *Appeal of Greco*, . . . 254 A.2d 6, 7 ([Pa.] 1969).

*In re Gen. Election 2014*, 111 A.3d 785, 791-92 (Pa. Cmwlth. 2015) (bold emphasis added; footnote omitted). Appellant - Martin Wilson - the only party in this action, cannot claim continuing harm due to loss of remuneration for monies purportedly due and owing only to First ADA Kerstetter.

ninety (90) days after the occurrence of the vacancy." R.R. at 3a. However, because the relevant time period has passed and First ADA Kerstetter is now District Attorney, any order this Court would enter would have no legal force or effect. *See Chruby*. Accordingly, the matter is moot.

For all of the above reasons, Appellant's appeal is dismissed as moot.[6]


_____
ANNE E. COVEY, Judge

---

[6] This Court acknowledges:

> [E]ven where an appeal is technically moot, there exist exceptions to the mootness doctrine. For instance, we will hear a technically moot case "where the conduct complained of is capable of repetition yet likely to evade review, where the case involves issues important to the public interest[,] or where a party will suffer some detriment without the court's decision." *Sierra Club* [*v. Pa. Pub. Util. Comm'n*], 702 A.2d [1131,] 1134 [(Pa. Cmwlth. 1997)].

*In re $300,000 in U.S. Currency*, 259 A.3d 1051, 1056-57 (Pa. Cmwlth. 2021). None of the aforementioned exceptions to the mootness doctrine apply here. The unique facts of this case are not likely to be repeated, nor are the issues of specific importance to the public interest. Finally, given the requested relief and the fact that First ADA Kerstetter is now District Attorney, Appellant will not suffer detriment in the absence of a decision from this Court.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In re:                                          :
In the interest of Union County,                :
Pennsylvania                                    :
                                                :    No. 1583 C.D. 2023
Appeal of: Martin R. Wilson                     :

## O R D E R

AND NOW, this 2nd day of May, 2025, Martin R. Wilson's appeal is dismissed as moot.

_____
ANNE E. COVEY, Judge