Commonwealth of Pennsylvania          :
                                      :
                  v.                  :
                                      :
Cleotis Russell, Jr.,                 :          No. 1022 C.D. 2024
                  Appellant           :          Submitted: November 6, 2025


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                      FILED: January 20, 2026


Cleotis Russell, Jr. (Appellant) appeals pro se from the Washington County Common Pleas Court's (trial court) December 14, 2023 order (entered December 19, 2023) denying his Motion for Time Credit and Corrected Commitment (Motion).[1]   The issue before this Court is whether the trial court properly denied Appellant's Motion.  After review, this Court vacates and remands.

By August 20, 2020 order (entered August 25, 2020), the trial court sentenced Appellant on trial court docket number (Docket No.) CR-0411-2016: (1) to the balance of his maximum sentence on the resisting arrest charge; (2) to the balance of his maximum sentence on the retail theft charge, said sentence to run consecutively to the retail charge; and (3) to pay the prosecution costs and to be confined to no less than 3 months to no more than 12 months in an appropriate state correctional institution (SCI) on the drug paraphernalia charge, said sentence to run concurrently with the retail theft charge.  *See* Trial Ct. Aug. 20, 2020 Order.  On

---

[1] In his Notice of Appeal, Appellant states that he is appealing from the trial court's August 20, 2020 order (entered August 25, 2020), which is apparently the basis for his Motion.

Docket No. CR-0423-2016, the trial court sentenced Appellant: (1) to pay the prosecution costs and to be confined to no less than 3 months to no more than 12 months in an appropriate SCI on the false identification to law enforcement charge, said sentence to run consecutively to the sentence imposed at Docket No. CR-0411-2016; and (2) to no less than 3 months to no more than 12 months in an appropriate SCI on the possession of drug paraphernalia charge, said sentence to run concurrently with the false identification to law enforcement charge. *See id.* On Docket No. CR-0978-2016, the trial court sentenced Appellant to pay the prosecution costs and to be confined to no less than 3 months to no more than 12 months in an appropriate SCI on the false identification to law enforcement charge, said sentence to run consecutively to the sentences imposed at Docket Nos. CR-0411-2016 and CR-0423-2016. *See id.* Finally, on Docket No. CR-0983-2016, the trial court sentenced Appellant: (1) to pay the prosecution costs and to be confined to no less than 5 months to no more than 18 months in an appropriate SCI on the flight to avoid apprehension charge, said sentence to run consecutively to the sentences imposed at Docket Nos. CR-0411-2016, CR-0423-2016, and CR-0978-2016; and (2) to no less than 3 months to no more than 12 months in an appropriate SCI on the possession of drug paraphernalia charge, said sentence to run concurrently with the flight to avoid apprehension charge. *See id.* The trial court stated that the aggregate sentence totaled no less than 14 months to no more than 64 months of confinement in an appropriate SCI. *See id.* The trial court further directed: (1) "[t]he Department of Corrections [(DOC)] shall calculate the appropriate credit and apply it accordingly[;]" (2) Appellant "is eligible for the Recidivism Risk Reduction Incentive Minimum Sentence[;]" and (3) "[DOC] shall calculate the month of th[at] sentence." *Id.* at 2. In addition, the trial court vacated a November 4, 2019 bench warrant. *See id.* On November 15, 2023, Appellant filed the Motion.

2

By December 14, 2023 order (entered December 19, 2023), the trial court denied the Motion. Therein, the trial court explained:

> In th[e trial c]ourt's Order of Sentence dated August 20, 2020 [entered August 25, 2020], [Appellant] was expressly and unambiguously given credit for time served as calculated by [DOC]. *See* Order of Court, 8/20/[20]20. As such, calculation of [Appellant's] credit for time served was necessarily delegated to [DOC], whose duty it is to now calculate said credit. *See Allen v. [Dep't of Corr.]*, 10[3] A.3d 365, 371 (Pa. [Cmwlth.] 2014) (permitting the practice of delegating the calculation of credit for time served to [DOC]).

Trial Ct. Dec. 14, 2023 Order.

On January 10, 2024, Appellant appealed to the Pennsylvania Superior Court. By January 31, 2024 order (entered February 1, 2024), the trial court directed Appellant to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). On February 13, 2024, the trial court filed its opinion pursuant to Rule 1925(a), stating that its reasons for denying the Motion were included in its December 14, 2023 order (entered December 19, 2023). On February 15, 2024, Appellant filed his Rule 1925(b) Statement. By August 12, 2024 order, our Superior Court transferred the appeal to this Court.[2]

Preliminarily, the Commonwealth of Pennsylvania (Commonwealth) argues that the trial court did not have jurisdiction to rule on Appellant's Motion because Appellant filed it three years after the trial court issued its August 20, 2020 sentencing order. This Court agrees with the Commonwealth.

---

[2] "This Court's . . . review determines whether the trial court abused its discretion or committed an error of law and whether the trial court's factual findings are supported by substantial evidence." *Szabo v. Dep't of Transp.*, 212 A.3d 1168, 1172 n.3 (Pa. Cmwlth. 2019).

Section 5505 of the Judicial Code provides: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. § 5505. "Pursuant to [S]ection 5505 of the Judicial Code, . . . the trial court had 30 days from the date of its [August] 20, 20[20] imposition of sentence to modify its order (i.e., entertain [Appellant's Motion]). Thirty days from that date was [September 19, 2020]." *Commonwealth v. Clementi*, 235 A.3d 473, 479 (Pa. Cmwlth. 2020). Appellant filed his Motion on November 15, 2023. Accordingly, because Appellant did not file his Motion until over three years after the trial court entered its August 20, 2020 sentencing order, the trial court did not have jurisdiction to rule on it.

For all of the above reasons, this Court vacates the trial court's order and remands the matter to the trial court to dismiss the Motion for lack of jurisdiction.

_____
ANNE E. COVEY, Judge

4

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
      :
v.       :
      :
Cleotis Russell, Jr.,       :    No. 1022 C.D. 2024
      Appellant       :

## O R D E R

AND NOW, this 20th day of January, 2026, the Washington County Common Pleas Court's (trial court) December 14, 2023 order (entered December 19, 2023) is VACATED and the above-captioned matter is REMANDED to the trial court to dismiss Cleotis Russell, Jr.'s Motion for Time Credit and Corrected Commitment for lack of jurisdiction.

Jurisdiction is relinquished.

_____
ANNE E. COVEY, Judge